## FRANK THOMAS v. THE STATE.

### No. 3043.   Decided January 25, 1905.

**1.—Assault With Intent to Rape—Evidence—Res Gestae.**

Where a little girl 6 years of age was criminally assaulted and some twenty minutes thereafter, upon being asked by her mother what defendant had done to her, told her the facts; that the child looked "wild"` and began crying when her mother questioned her; that the statements of the child were spontaneous and not coerced or persuaded.   Held res gestæ and admissible in evidence.

**2.—Same—Age of Witness—Res Gestae .**

Where the statements of a child 6 years of age, who had been criminally assaulted, to her mother, relating the facts constituting the assault, and such testimony was res gestæ, the same would not be excluded on the ground that the child was incompetent to testify.

**3.—Same—Fact Case.**

See evidence in opinion held sufficient to sustain a conviction of assault with intent to rape.

Appeal from the District Court of Johnson.   Tried below before Hon. Nelson Phillips.

Appeal from a conviction of assault with intent to rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Keith, Watkins & Kugle,* for appellant.—On question of admitting statement of child:   Carter v. State, 70 S. W. Rep., 971.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of res gestæ; Kinney v. State, 9 Texas Ct. Rep., 888.

HENDERSON, JUDGE.—This indictment charged rape on a child under the age of 15 years; the conviction was for assault with intent to rape, the penalty assessed being twenty-five years' confinement in the penitentiary.

The testimony showed that the child was about 6 years old; that appellant at the time was employed by prosecutor H. L. Perry.   On the evening of the alleged offense, prosecutor Perry went to his stable, and there saw appellant on top of his little girl.   Her clothes appear to have been up, and his pants unbuttoned, and his penis out.   Prosecutor immediately seized him, asked him what he was doing, and appellant said he "reckoned he was crazy."   Thereupon appellant appeared to fall over in a fit.   The little girl jumped up and ran to the house.   Prosecutor locked the door on appellant, went to the house, a short distance away, and brought another party with him, and when they returned appellant had fled.   He was not arrested that night, but was taken into custody a few days thereafter.   Prosecutor's (Perry's) wife testified as to the condition of the parts of the little girl; that they appeared to be

very much inflamed and raw, but no blood was coming therefrom. She also testified as to statements made to her by her little girl as to the transaction, some twenty minutes thereafter. As this matter is presented in the only bill of exceptions requiring consideration, we will quote it substantially: While witness Mrs. Perry was on the stand, she stated that after the little girl came to the house, which was some twenty minutes after the alleged transaction, and after she had seen her husband and learned from him what the trouble was, she asked the little girl about it. Her little daughter Ola did not tell her anything until she asked her. That when she first examined her, she saw her drawers were buttoned up, and she asked her if she had buttoned them up, and she told her, yes; that she asked Ola what appellant had done to her in the crib, and she said, he had her lying down on her back, and was on top of her; that he had her drawers unfastened, and he had his clothes unfastened. That these answers were in reply to questions asked by her; that when the child first came to her from the stable, she was not crying, but looked "wild." That when she began asking her the questions, the child began crying; that this statement was made to her in the dining room, where she went with the child shortly after meeting her on the outside of the house. This testimony was objected to by appellant on the ground that it was not res gestæ; the child not being in a sufficient state of excitement to make it come under that class of testimony, and that sufficient time had elapsed to take it out of the docrine of res gestæ; and for the further reason that the child being incompetent to testify, her evidence would also be incompetent for the same reason; and because not voluntary, but in answer to questions propounded to her by her mother. It does not occur to us that the length of time (twenty minutes) would exclude this testimony as not being a part of the res gestæ. A number of cases in this State have admitted this character of testimony where the time was greater than is here shown. Steger v. State, 9 Texas Crim. App., 440; Lewis v. State, 29 Texas Crim. App., 201; Lindsey v. State, 35 Texas Crim. Rep., 164; Ingram v. State, 4 S. W. Rep., 518; Craig v. State, 30 Texas Crim. App., 619. Nor does it occur to us that the questions asked were of that character which would render the testimony inadmissible as res gestæ. Nor would the fact that the child was incompetent to testify, be a ground for excluding the testimony of her statement about the transaction, if it was in fact res gestæ. It must appear that the declarations or statements were spontaneous; that it was the transaction voicing itself. In such case it is not necessary that the witness be competent to testify. For a full discussion of this question, see Kinney v. State, 9 Texas Ct. Rep., 888. Do the circumstances here show that the testimony of Mrs. Perry, and the circumstances connected therewith, as to the statements made to her by her little girl, Ola, were of that spontaneous character proceeding from the transaction itself, as to constitute it admissible as res gestæ? There is some evidence of excitement on the part of the child at the time. Her statement to her mother was made very recently after the

transaction.   She is not shown to have engaged in any other transaction subsequent to the alleged rape, prior to her statement to her mother. The questions asked, as stated before, are not of that character to indicate that the statements were either persuaded or coerced from her.   Under all of the circumstances, we believe the declarations of the child come within the rule laid down by the courts of this State, indicating spontaneity and truthfulness.   See Freeman v. State, 40 Texas Crim. Rep., 545.   We believe there is decidedly more in the statements here suggesting res gestæ than in the case above cited.   We accordingly hold that the court did not err in admitting the testimony.   We believe the charge of the court is correct, and none of the requested charges were called for. Moreover, we believe the evidence fully sustains the verdict of the jury. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.