## HODGE MARION v. THE STATE.

### No. 4284.    Decided November 29, 1916.

### Rehearing denied December 27, 1916.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of consent, who was defendant's own daughter, the evidence was sufficient to sustain the conviction under a proper charge of the court, assessing the death penalty, there was no reversible error.

**2.—Same—Requested Charge—Insanity—Cocaine.**

Where, upon trial of rape upon a female under the age of consent, the evidence did not raise the issue of insanity of defendant caused by the recent use of cocaine or of cocaine with whisky, there was no error in the court's refusal of the requested charge on this matter.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of rape upon a female under the age of consent, the testimony of the sister of the injured female to the res gestae of the transaction was of a positive character, taking the case out of the rule of depending solely on circumstantial evidence, there was no error in the court's refusal to submit a charge on circumstantial evidence; and this notwithstanding the assaulted girl did not testify herself. Following Hunter v. State, 54 Texas Crim. Rep., 224, and other cases.

**4.—Same—Juxtaposition—Circumstantial Evidence—Res Gestae.**

Where, upon trial of rape upon a female under the age of consent, in addition to the positive facts proved by the sister of the assaulted party, the testimony of State's witnesses showed positive facts which were in such close juxtaposition that the defendant committed the alleged rape, as to be equivalent to direct testimony so as to make it unnecessary to charge on circumstantial evidence, there was no error. Following Cabrera v. State, 56 Texas Crim. Rep., 141, and other cases.

**5.—Same—Witnesses Under Rule—Argument of Counsel—Practice.**

Upon trial of rape upon a female under the age of consent, there was no error on part of the court to place the small children of the defendant who were witnesses for the State, in the custody of an officer of the court during the trial, with instructions to permit no one to talk to either of them about the case except in the presence of an officer, and directing counsel for defendant in not alluding to this matter in argument; this all occurring out of the presence and hearing of the jury.

**6.—Same—Evidence—Leading Questions.**

Upon trial of rape upon a female under the age of consent, who was defendant's own daughter, where two of the defendant's small children testified for the State who were very much in favor of their father and hostile to the State, there was no error in permitting State's counsel to ask them leading questions.

**7.—Same—Evidence—Withdrawing Evidence.**

Where, upon trial of rape upon a female under the age of consent, the State undertook to show by the small sister of the party injured that the latter had been mistreated before and assaulted in a similar way by the defendant, but thereafter withdrew said testimony and charged the jury not to consider the same, there was no reversible error. Following Miller v. State, 79 Texas Crim. Rep., 9, and other cases.

**8.—Same—Evidence—Declaration of Injured Party.**

Where, upon trial of rape upon a female under the age of consent, the court permitted a witness for the State to testify that the injured party sometime after the transaction told the witness who the party was who had caused her injury but did not permit said witness to tell who this was, there was no reversible error.

**9.—Same—Immaterial Testimony.**

Upon trial of rape upon a female under the age of consent, there was no error on part of the court in refusing to permit an older sister to detail at considerable length the conduct of another sister with another man.

**10.—Same—Argument of Counsel.**

Upon trial of rape upon a female under the age of consent, who was only eight years of age at the time and defendant's own daughter, the record on appeal showed that the assaulted party during the trial would neither testify nor talk to or tell the attorneys for either side about what she would testify to, and was not introduced as a witness, the statement of the county attorney in

argument to the jury to the effect that they could see the reason why he did not put her on the stand as the jury easily saw when he put the little boy or brother on the stand how he, owing to the influences of his father, was caused to change his testimony and attempt to clear him by swearing falsely, presented no reversible error under the circumstances.

**11.—Same—Res Gestae Statement—Secondary Evidence—Rule Stated.**

Where, upon trial of rape upon a female under the age of consent, the res gestae statement of the assaulted party testified to by her sister, was not secondary evidence although the assaulted party herself did not testify; as the rule is that res gestae overrides all other rules known to the law governing the admissibility of testimony; especially, where, as in the instant case, the reason was given and explained why the assaulted party did not testify. Following Cook v. State, 22 Texas Crim. App., 511, and other cases.

**12.—Same—Evidence—Ill Will.**

Where the offered testimony of a witness for the defendant was excluded and did not show or tend to show any hostility or bias affecting the main State's witness against the defendant, there was no error.

**13.—Same—Motion for Rehearing.**

Where, upon appeal from a conviction of rape upon a female under the age of consent, this court affirmed the judgment and upon motion for rehearing, finds that no error was committed in the original opinion affirming the judgment below which assesses the death penalty, said motion is overruled.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of rape upon a female under the age of consent; penalty, death.

The opinion states the case.

*George R. Hines,* for appellant.—On question of secondary evidence: Porter v. State, 1 Texas Crim. App., 394; Butler v. State, 3 id., 48; Scott v. State, 3 id., 103; Hunter v. State, 13 id., 16; Wyers v. State, 13 id., 57; Smith v. State, 13 id., 507.

Upon question of ill-will of witness: Roseborough v. State, 21 Texas Crim. App., 672; Reddick v. State, 47 S. W. Rep., 993; Green v. State, 54 Texas Crim. Rep., 3.

On question of argument of counsel: Estep v. State, 9 Texas Crim. App., 366; Rushing v. State, 25 id., 607; Barbee v. State, 23 id., 199.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of the rape of his own little daughter, Lelia, eight years of age, and his penalty was assessed by the jury at death.

The uncontradicted testimony shows that appellant lived in a small house in Waxahachie with three of his children, a daughter, Nellie, who was about twelve years of age; his son Carl, about ten years old, and Lelia, the assaulted girl, about eight years old. The two little sisters slept in a bed in one room, and appellant and his little boy in another bed in an adjoining room. He had been separated from his

wife for several years. On the morning of June 21, 1916, Nellie got up about 5:30, leaving Lelia in the bed, went into the kitchen and made a fire in the stove to cook breakfast. Appellant sent his little boy to town to get bread. As soon as he left appellant called Lelia to him. Nellie said as she was not in the room, she didn't *know* that Lelia went to her father, but she thought she did. In a few minutes thereafter Lelia came to Nellie crying, told Nellie to get her clothes for her, which she did, and put them on her. When putting them on she saw blood running from the privates of Lelia down her leg clear onto the floor. She saw that the blood was coming from her privates. She asked Lelia who had done that, and Lelia told her her papa. The child bled profusely, saturating her own clothes, so that Nellie had to change them a time or two. She put her in bed, and the blood from her saturated the sheet. Fresh blood was also found on the sheet on appellant's bed that morning. As soon as appellant and his son got their breakfast they hitched up a buggy and left the house. Soon afterwards Nellie called in some of the neighbor ladies to help her with the child. They did help her. One of them testified that in bathing the child's private parts she found on the outside of her privates other substance than blood. It was colored white (evidently semen). They had Nellie to phone for a doctor. The doctor soon arrived, and making a hasty examination saw that the little child had been raped, and he testified she bled from her privates profusely. Later, in connection with another physician, he examined her thoroughly and found that her privates had been horribly ruptured. He had to take eight stitches in sewing her up. Shortly after the rape was perpetrated appellant was arrested. Fresh blood was found on the front of his drawers and his front shirttail. The State introduced appellant's written confession, in which he denied raping his daughter, stating she "came to my bed this morning and told me she hurt herself on the picket fence. She had not been out there this morning that I know of." He said he didn't know how the blood got on his bed nor on his drawers and shirttail; that he was not drinking the night before when he went home.

The evidence unquestionably was sufficient to without doubt establish appellant's guilt. He himself did not testify. Neither did the assaulted girl, Lelia, testify.

Appellant complained that the court should have given his charge submitting the question of his insanity to the jury, caused, as he claimed by the continued and recent use of cocaine or of cocaine with whisky. The court refused the charge on the ground that the evidence raised no such issue. We think the court was correct. The evidence raised no such issue which would have authorized or required the court to submit such issue to the jury. In fact, there was no evidence that he had recently taken any cocaine or whisky so as in any way to make him insane therefrom at the time.

Neither did the court err in refusing to give a charge on circum-

stantial evidence.   The testimony of Nellie to the res gestae of the transaction was positive testimony, taking the case out of the rule of depending solely on circumstantial evidence.   (Kenney v. State, 79 S. W. Rep., 817; Crooms v. State, 40 Texas Crim. Rep., 672; Thomas v. State, 47 Texas Crim. Rep., 534; Neely v. State, 56 S. W. Rep., 625; Flores v. State, 79 S. W. Rep., 808; Hunter v. State, 54 Texas Crim. Rep., 224; Cook v. State, 22 Texas Crim. App., 511.)   And this notwithstanding Lelia, the assaulted girl, did not herself testify.   In addition, we think the positive facts proven by Nellie were in such close juxtaposition showing that appellant raped Lelia as to be equivalent to direct testimony so as to make it unnecessary to charge on circumstantial evidence.   (Holt v. State, 9 Texas Crim. App., 571; Crews v. State, 34 Texas Crim. Rep., 533; Cabrera v. State, 56 Texas Crim. Rep., 141; Bass v. State, 59 Texas Crim. Rep., 186; 2 Branch's Ann. P. C., pp. 1039-1040; White's Ann. C. C. P., sec. 813, subdiv. 3, and authorities collated by Judge White.)

Appellant has some complaints to the action of the trial judge in placing appellant's small children, Nellie, Carl and Lelia, into the custody of one of the officers of the court during the trial, with instructions to permit no one to talk to either of them about the case except in the presence of an officer, and in not permitting appellant's counsel in argument to the jury to state and comment on this action of the court, it all occurring out of the presence and hearing of the jury.   As explained by the court in allowing his bills, this action by the court presents no error.   On the contrary, the action of the court was commendable.

Appellant has some other bills, complaining of the action of the court in permitting the county attorney to ask Nellie, and Carl also, what might be termed leading questions and in calling their attention to their testimony in writing and signed by them before the grand jury and also before the county attorney.   All these matters, as explained by the court in his qualification of appellant's bills, which were accepted by him and about which there seems to be no question, show no error. Each of these witnesses, as explained, was hostile to the State and very much in favor of their father,—so much so that it is clear each of them did all they could to avoid testifying to the facts when against their father and in favor of the State.   It is unnecessary to cite the authorities on this question.

The State asked Nellie, in substance, whether or not Lelia had ever been mistreated before in the way she was on this occasion.   It seems the State was undertaking to show that this was a fact and that appellant was the cause thereof on the previous occasion.   At the time this question was asked Nellie, appellant objected to it, and after she testified, moved to strike it out, but the court declined to do so at that time, in effect holding that unless later connected up, he would exclude it.   After the testimony was concluded, the court expressly withdrew all of it from the jury and charged them positively to consider it for

no purpose whatever. As explained by the court in the bills, this matter presents no reversible error, as this court has many times held. (Miller v. State, 31 Texas Crim. Rep., 609; Hatcher v. State, 43 Texas Crim. Rep., 237; Robinson v. State, 63 S. W. Rep., 869; Trotter v. State, 37 Texas Crim. Rep., 468; Jones v. State, 33 Texas Crim. Rep., 7; Morgan v. State, 31 Texas Crim. Rep., 1; Sutton v. State, 2 Texas Crim. App., 342; Roberts v. State, 48 Texas Crim. Rep., 210; Miller v. State, 79 Texas Crim. Rep., 9, 185 S. W. Rep., 29.)

The court did not err in permitting Mrs. Franklin, the neighbor lady whom Nellie called in to assist her with Lelia, to testify that Lelia told her who the party was who had caused her injury. The court did not permit the witness to tell who Lelia said this was, because her declaration at that time was not res gestae. (See cases collated in 2 Branch's Ann. P. C., p. 1001.)

Appellant complained of the action of the court in refusing to permit Nellie's older sister, Genie, to detail at considerable length, as shown by the bill, Nellie's conduct with one Feray. This, as we think, was irrelevant to any legitimate issue in the case. It is unnecessary to further state or discuss it.

The record in many ways shows that the assaulted girl, Lelia, would neither testify nor talk to nor tell the attorneys for either defendant or the State the facts or anything she would testify, in effect that she would not testify at all. Neither side introduced her or placed her on the stand. Under the circumstances, the statement by the county attorney in argument to the jury to the effect that they could see the reason why he did not put her on the stand, as the jury easily saw when he put the little boy on the stand how he, owing to the influences of his father, was caused to change his testimony and attempt to clear his father by swearing falsely, presents no reversible error. An examination of the boy's testimony clearly justified such an inference as the county attorney stated shown above as to him, and as stated by the county attorney, the jury doubtless could not help but see the reason she was not placed on the stand. The appellant attempted to make capital of the fact that the State did not place the girl Lelia upon the stand.

We have thoroughly considered the record in full and all of appellant's assigned errors. We are forcibly impressed with the fact that appellant had a fair and impartial trial; that his guilt was established without any doubt, and that his outraging his little innocent eight-year-old daughter, horribly mangling her person in ravishing her, justified the jury to assess the death penalty; and as the matters are presented, we can not do otherwise than affirm this judgment, which is ordered.

The judgment is affirmed.

*Affirmed.*

HARPER, JUDGE, absent.

ON REHEARING.

December 27, 1916.

PRENDERGAST, Presiding Judge.—Appellant now contends that the res gestae statements of Lelia, testified to by Nellie, was secondary evidence and inadmissible because the child Lelia herself did not testify, contending that her testimony would have been the best and primary evidence, and that Nellie's was secondary or inferior.   He is mistaken in his contention.   Res gestae testimony is not secondary or inferior testimony.   Presiding Judge White, in Cook v. State, 22 Texas Crim. App., 524, says: "This rule as to res gestae overrides all other rules known to the law governing the admissibility of testimony," and in that case held that the res gestae declarations of the wife were admissible against her husband, notwithstanding the statute which prohibits the wife from testifying against the husband.   Robbins v. State, 73 Texas Crim. Rep., 367, 166 S. W. Rep., 528; Shamblin v. State, 75 Texas Crim. Rep., 491.   The reason the child Lelia did not testify was explained in the original opinion.

The offered testimony of Genie Marion which was excluded by the court did not show, or tend to show, any hostility, bias or otherwise affecting Nellie against her father.   It would only have tended to have shown that she may have had some animosity against her sister Genie, but under no phase of the case was it admissible to show that Nellie had any feeling at all against her sister Genie.   That had nothing to do with any issue in the case.

We have again examined the case thoroughly, and as explained in the original opinion, the argument of the county attorney objected to, we are still of the opinion, showed no error against appellant, and we are of the opinion still that the testimony was not of sufficient force to show, or tend to show, that appellant was insane at or about the time he committed the alleged act.   Therefore, the court's action in refusing to charge on insanity was undoubtedly correct, and we think there can be no question but that under the law it was neither necessary nor proper for the court to have given a charge on circumstantial evidence.

The motion is, therefore, overruled.

*Overruled.*