### J. Patrick Holmes v. The State.

No. 8458.     Delivered February 18, 1925.

1.—Aggravated Assault—Jury Panel—Motion to Quash—Properly Refused.

Where a motion to quash the jury panel, because the same jurors had been drawn, and appellant had been confronted by the same jury panel at a former term of court as was then presented to him, such motion was properly

overruled, no complaint having been directed at the jurors for prejudice; opinion already formed, etc. See Harris v. State, 91 Tex. Crim. Rep:, 446.

**2.—Same—Charge of Court—On Accomplice—Properly Refused.**

No error is presented in the refusal of the Court to charge the jury that Fred Pilgrim, prosecuting witness, was an accomplice, nor to submit to the jury the issue of whether he was an accomplice. The testimony clearly shows that this child resisted and resented the indescent, and outrageous assault made upon him by the appellant, to the fullest extent possible.

**3.—Same—Election Between Counts—Not Required in Misdemeanor Cases.**

It is a well settled rule in this State that the State cannot be compelled to elect between counts in a misdemeanor case. See subdivision 35, Art. 481, Vernon's C. C. P. No reversible error appearing in the record, an affirmance is ordered.

Appeal from the County Court of Maverick County. Tried below before the Hon. Wm. A. Bonnett, Judge.

Appeal from a conviction of an aggravated assault; penalty, a fine of $1000.00 and one year in the county jail.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court of Maverick County of an aggravated assault, and his punishment fixed at a fine of $1000.00 and one year in the county jail.

· When the case was called for trial appellant moved to quash the jury panel because the jury commissioners were not appointed at the first term of said court after June 30, 1923, as directed by the provisions of Chapter 3, Title 75, Revised Civil Statutes. It appears that upon objection being made at the August term 1923 of said court by appellant to being tried before a jury not drawn by jury commissioners duly appointed, the case was continued and a jury commission was then appointed which drew juries to serve in said court for the succeeding six months. This seems in second with Art. 5127, Vernon's Complete Texas Statutes 1920 which expressly authorizes the appointment of jury commissioners at other times than those designated in the statutes. See Baeza v. State, 249 S. W. Rep. 1054.

Another ground of said motion was that the commissioners had drawn the same men for jury service at each term, and that at the September term prior to the trial term, herein appellant had been confronted by the same jury panel as that now appearing. No complaint is directed at the jurors for prejudice, opinion already formed, etc. The principle involved is discussed in Harris v. State, 91 Texas Crim. Rep. 446. Other questions aside, the statutes relating to

the frequency of service of jurors, would seem to be enacted for the benefit and protection of jurors themselves. Disqualification of jurors who served at some former term, at which the accused had been tried on the same, similar or kindred cases to that now on trial, would seem to necessarily arise from other grounds than that of mere prior service. It is not shown or. attempted to be shown, that any juror now confronting the appellant sat on his case at a former term, or heard it tried, or was for any other reason rendered unfair or unfit save the proposition that they had been drawn for service at the former term. No brief is on file for the appellant and we are cited to no authorities holding contrary to our views here expressed. The case was argued before our court by Hon. Levie Old. By several special charges appellant sought to have the jury told that Fred Pilgrim, the boy upon whom the alleged assault was committed, was an accomplice. Other special charges sought to have the question as to whether he was such accomplice submitted to the jury. We have given careful consideration to the facts and are of the opinion that they are not such as to render erroneous the refusal of said charges. Said boy was eleven years old at the time of the alleged offense. Appellant was superintendent of the schools attended by said boy, and on the occasion of the occurrence went camping with a group of his school boys. Young Pilgrim said he went to sleep in a blanket on the ground on the night of the occurrence; that he was waked by appellant pulling witness' pants down; that appellant was behind witness holding him around his stomach. So holding him appellant rubbed his penis against witness' body about five times. Witness said, "Let me go," and appellant replied, "Be quiet." Witness got up and went over to where some other boys were and went to sleep; he did not tell his father and mother about it because he felt ashamed.

On another occasion witness was in swimming naked and appellant was also in the water having on a bathing suit. Appellant called witness to him and when the latter came near, caught him and pulled the boy up against him. The boy testified that he tried to get away,— that appellant took his "thing" out through the leg of his bathing suit and put it against the privates and back of witness. Appellant was behind him and had his arm around witness who said he got away in about a half minute. We pretermit discussion of the interesting question as to whether a boy between nine and thirteen years of age should be regarded as a victim or an accomplice, believing it too dangerous to lay down hard and fast rule based on age, in the absence of statutory provision. Children of the tender age referred to may be shown possessed of capacity and knowledge, placing them clearly in the list of those who by knowledge and intent are criminals or accomplices as the case may be. In the case before us we are only holding that the facts above stated, which are without controversy, do not establish or support the proposition that said boy in any

way agreed to or participated with similar intent, in what was done to him by appellant. In each instance appellant held the boy over his remonstrance and as soon as the latter could get loose he removed himself from the embraces and vicinity of appellant.

Many cases are cited in subdivision 35, Art. 481, Vernon's C. C. P., holding that the State can not be compelled to elect between counts in a misdemeanor case. However in his qualification to the bill complaining of the refusal of his request to compel the State to elect, the trial court states that there was in fact an election by the State as between the different transactions in testimony.

We think the court's action in overruling the attack on the indictment correct, and that the facts demonstrate appellant's guilt of an aggravated assault as charged in the second count of the indictment. So believing, and that no reversible error appears in the record, an affirmance will be ordered.

*Affirmed.*