# NOVEMBER 15, 1944

ELIJAH CARROLL DICKEY V. THE STATE.

No. 22955. Delivered November 15, 1944.

The opinion states the case.

*Dick Young* and *Leo C. Brady,* both of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, an adult person, was convicted of an aggravated assault upon a child, and by a jury given a penalty of two years in jail.

The testimony shows that appellant was found holding up a girl child six years old, according to the father's testimony, "up in his arms, like that (indicating.) He was as close to her as he could get." The father knocked appellant down, and the little girl ran home. Again, the father testified: "I didn't see the defendant do anything to my daughter outside of holding her in his arms like he was planning to do something."

The mother of this child testified that when her daughter got home, at the time in question, she was crying, and had a skinned place on her arm. Upon being questioned the child said that she had fallen down. Further questioning, upon the part of the mother, she said "A man had played with her. I asked her what she meant, and she began to cry. I asked her how he had played with her and she pointed to herself. She pointed down here (indicating). That was her private parts. She didn't say anything else to me at that time."

Appellant, a man seventy-four years old, testified that he was a family man with four children; that he had lived in Houston for fourteen years; that he had stepped under a shed near a school house, out of the rain, on the occasion in question, and a little girl and a little boy were playing there; that the little girl asked him to help her get into the school house across the street; that he told her the school house was locked; she said that if he would help her she could get in a window; that she had left something there; if she did not carry it home her mama would whip her; that he caught her by the arms and lifted her up to the window, and she could not open the window, and she said: "You will have to help me down," and while he was helping her down the father of the little girl came and knocked him down; he had no intention of harming the child; he never thought of such a thing; he had raised two girls without a mother; he was an old age pensioner; he had taken two tablespoonfuls of whisky for his kidneys; he had not placed his hands on her private parts; he merely caught her under the arms, set her in the window and set her back down.

These are the facts and all the pertinent facts relied upon by the State. There is nothing to show the mistreatment of this child, save she pointed to her private parts and was crying; no

bruises shown, no disarranged clothing, no disarrangement of appellant's clothes, and no overt act, save the father's statement that "I didn't see the defendant do anything to my daughter outside of holding her in his arms like he was planning to do something."

There is no reason shown why the little girl was not placed upon the stand, although we might infer it could have been that on account of her tender age she could not qualify as having sufficient discretion as to the nature and obligation of an oath.

Appellant's bill of exceptions to allowing the mother to detail the conversation with the little girl immediately after her return home, while crying and excited, we think evidences no merit. We think it came within the rule of res gestae. See Williams v. State, 170 S. W. (2d) 482, and authorities there cited. The fact of the incompetence of the child witness would not change the rule. Hunter v. State, 54 Texas Cr. R. 226, 114 S. W. 125; Croomes v. State, 40 Texas Cr. R. 672.

We express the opinion that the testimony herein is so indefinite and uncertain that it does not remove every reasonable doubt save that appellant fondled this little girl's person. See Skewis v. State, 257 S. W. 896.

Thus believing, this judgment is reversed and the cause remanded.