### C. H. WOFFORD V. STATE.

No. 26,663. December 9, 1953.
Appellant's Motion for Rehearing
Denied February 10, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 10, 1954.

*P. P. Putney* and *E. F. Ritchey,* Victoria, for appellant.

*James A. Doherty,* County Attorney, San Augustine, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is indecent fondling of a minor; the punishment, three years.

Shirley Ann Hillen testified that she was twelve years old on July 8, 1952, and that on that day she was alone at her home about two miles from the city of Yoakum, her parents being at work; that about 9 A.M. that day appellant came and stated he was buying old batteries and radiators and she told him that they had none for sale, then he asked for water for his car and a drink of water which she gave him. She further said that he later asked her to help start his automobile, which she did and, while helping with something under the dashboard, he pushed her back, kissed her, and placed his hand up under her dress on her private parts; that she pushed him and screamed; that he let her up and she ran into the house, telephoned her mother immediately and told her "there was a man there;" that appellant left at once in his car; and that a neighbor woman came by about five minutes later and took her to her mother.

Mrs. Adela Hillen testified that on July 8, 1952, her daughter, Shirley Ann, telephoned her in Yoakum about 9:30 A.M., and

said "Mama, there's a man been here and he's done something to me;" that a neighbor brought Shirley Ann immediately to her and Shirley Ann was crying and couldn't talk for some time; that Shirley Ann had a scratch and bruise on her arm.

Mrs. Eldon Wendt testified that about 9:30 or 10 A.M. on July 8, 1952, she went by the Hillen home, which was about one-fourth of a mile from her home, and saw Shirley Ann, and that "there was a scratch and a bruise on her left arm. She had showed it to me."

Appellant testified that on his way to Yoakum on July 8, 1952, he stopped at a house and asked a girl, whom he recognized at the trial as being Shirley Ann Hillen, for some water for his car, also a drink of water, which she said he could have, that he then left in his automobile. Appellant denied that he offered to buy any batteries or radiators, or that he had trouble with his car, and further denied that he touched or placed his hands on Shirley Ann Hillen.

By Bill of Exception No. 1, appellant contends that the court erred in permitting the state, after it had rested and after appellant had introduced his evidence and rested, to introduce the testimony of Mrs. Wendt, upon the ground it was not in rebuttal of any evidence offered by appellant.

The order of introduction of evidence is not fixed by rigid rules. 42 Tex. Jur. 98. Art. 643, V.A.C.P., provides as follows: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice." Under said article and the authorities there cited, we conclude that no error is shown in the admission of said testimony. Further, in view of appellant's testimony denying that. he touched the alleged victim, we are of the opinion that the testimony that she had a scratch and bruise on her arm immediately after appellant left was in rebuttal to his testimony, and thus was admissible.

By Bills of Exception Nos. 2 and 3, appellant complains of the court's action in permitting Shirley Ann Hillen to testify concerning her telephone conversation with her mother "I didn't tell her what happened, but I told her there was a man there," and that she was crying at the time. Appellant further complains of testimony of Mrs. Adela Hillen as to what Shirley Ann said when she called by telephone, "When she called and screamed

and said 'Mama, there is a man here and he has done something; the man has been here and done something," upon the ground that the statements were hearsay and out of the presence of the appellant.

Shirley Ann testified that when appellant released her she ran into the house and at once telephoned her mother stating as above set out, and Mrs. Hillen testified that about 9:30 or 10 A.M. on the day in question Shirley Ann telephoned and made the statements as above related.

It is apparent from the evidence that the statements complained of were made within a very few minutes after the commission of the alleged act, and were admissible as part of the res gestae. Jones v. State, 156 Tex. Cr. R. 2, 238 S.W. 2d 529; 35 Tex. Jur. 829; Dickey v. State, 147 Tex. Cr. R. 588, 183 S.W. 2d 469.

Appellant contends that the court erred in overruling his motion for a continuance.

We have carefully searched the record and fail to find where said motion was presented to the court or where any ruling was made by the court thereon. Therefore, we are unable to consider this contention.

Appellant complains of the court's failure to charge the jury that Shirley Ann Hillen was an accomplice or to submit the issue of whether she was an accomplice to the jury.

The evidence reveals that at the time in question, the girl screamed, resisted, ran into the house, and telephoned her mother about what happened. Appellant testified denying that he did anything to the person of the girl. The evidence fails to show the girl to be an accomplice as a matter of law and the issue was not raised, therefore there was no error in the court's failure to charge thereon. Holmes v. State, 99 Tex. Cr. R. 298, 269 S. W. 96.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant urges us to review the ruling of the court in refusing to grant his motion for continuance in order that he might secure the testimony of Alice Wofford. There is no affidavit from the witness attached to the motion for continuance or the amended motion for new trial showing what the said witness would have testified to had she been present. There was no showing of unavailability of the witness to make such an affidavit. The amended motion for new trial is not sworn to nor do we find attached thereto the affidavit of the missing witness.

In Morris v. State, 158 Tex. Cr. Rep. 516, 251 S. W. 2d 731, in discussing a motion for new trial, we said:

"The motion should have had the affidavit of the missing witness or a showing, under oath, from some other source that the witness would have actually testified to such facts."

Without satisfactory proof to the contrary, the trial court might reasonably conclude that the witness would not have so testified. See also Belrose v. State, 156 Tex. Cr. Rep. 323, 242 S. W. 2d 378.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.