EDWARD G. MASON V. STATE

No. 32,720. December 27, 1960

Motion for Rehearing Overruled February 8, 1961

*Chap B. Cain,* Liberty, Texas, by *Joe J. Newman,* (on appeal only), Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., David Ball, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is driving while intoxicated, a felony; the punishment, 2 years in the penitentiary.

The witness McBride testified that he had stopped at a stop sign in the city of Houston when an automobile drove up and collided with the rear end of his automobile; that he got out and spoke to appellant, who was seated alone in a Buick automobile, and appellant told him to take his license number and he would pay for the repairs. He stated that appellant backed away from his automobile and, in attempting to pass his right, became mired in the muddy ditch, where he remained until the police arrived. He stated that he smelled alcohol on appellant's breath and expressed the opinion that he was intoxicated.

Accident Investigator McGill testified that he arrived upon the scene and found appellant seated under the steering wheel of an automobile which was stuck in the ditch, observed that his speech was extremely slurred, that his eyes were bloodshot, detected the odor of alcohol about his person; that when he helped him out of the automobile he observed that he had recently urinated in his trousers, and expressed the opinion that he was intoxicated. McGill testified that he took appellant to the hospital where a blood specimen was taken with his consent.

Officer Chance, who was with McGill on the occasion in question, corroborated McGill's testimony and expressed the opinion that appellant was intoxicated.

Chemist McDonald testified that he analyzed the blood specimen taken from appellant and found it to contain .22 per cent of alcohol, which was indicative of intoxication.

The prior misdemeanor conviction alleged for enhancement and a prior felony conviction for the same offense were stipulated.

Appellant, testifying in his own behalf, admitted running into the rear of McBride's automobile, but denied that he was intoxicated or had had anything to drink on the occasion in question. He called several witnesses who testified that they had never seen appellant drink and who corroborated his testimony about "black out" spells from which he suffered.

The jury resolved this conflict in the evidence against appellant; we find the evidence sufficient to support the conviction and shall discuss the contentions advanced in appellant's brief.

He first contends that the trial court erred in permitting McGill to testify that appellant was the driver of the automobile in

question because McGill had not seen him drive and that the testimony was necessarily based on hearsay. Since appellant himself admitted that he was the driver, he is in no position to complain of the testimony in question. 5 Tex. Juris. 2d 704, Secs. 445 and 446.

He next contends that the court erred in overruling his motion for continuance on account of the absence of a witness.

Neither the motion for continuance nor the motion for new trial contained an affidavit from the missing witness, nor a showing under oath as to what the missing witness would actually have testified to if present. Such is requisite. Wofford v. State, 159 Tex. Cr. R. 506, 265 S.W. 2d 110, and cases there cited.

Finding no reversible error, the judgment is affirmed.