## CARL FREDRICK STROTHOFF V. STATE

No. 33,228. March 29, 1961

Motion for Rehearing Overruled April 26, 1961

WOODLEY, Presiding Judge, absent.

*Ted Musick,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Robert E. Delany,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge

Aggravated assault with a motor vehicle is the offense, with punishment assessed at a fine of $500.

The state's testimony adduced from two police officers of the city of Houston and from the complaining witness, Mrs. Theresa Lea Mills, and her husband, reveals that Mrs. Mills was driving an automobile in a southerly direction in the 6600 block of Homestead Road in Houston when her automobile and one driven by the appellant, which was proceeding north on Homestead Road,

collided on the west half thereof. One of the officers testified that he smelled "intoxicating beverages" on appellant's breath when he investigated the accident. The other officer corroborated this testimony and also expressed the opinion that appellant was intoxicated at the time.

The complaining witness testified:

". . . about half a block down from me he pulled over in my lane and just kept coming straight and just a few feet away I slowed down and tried to get over but I didn't have time to get out of the way."

The witness, Mrs. Mills, further testified that appellant was driving with his head down when the collision occurred and that she received injuries to her head, chest, and arm.

The husband of the complaining witness testified that on the occasion in question he was riding in the car with his wife, who was driving. His testimony corroborated his wife's, concerning the manner in which the accident occurred.

Testifying in his own behalf, appellant denied that he was intoxicated at the time of the accident. He testified further that, as the cause of the accident, he was following a pick-up truck along Homestead Road when the truck turned right on St. Louis Street, at which time he saw a car traveling south and turning left on St. Louis Street in front of him; and that in attempting to avoid the collision he tried to go to his own left and the two automobiles ran together. Appellant admitted having had 'three beers" prior to the accident, which occurred about 6 o'clock, p.m.

The jury saw fit to adopt the state's version of the transaction and rejected appellant's contentions.

We find the evidence sufficient to support the verdict.

The record contains no formal bills of exception nor objections to the court's charge.

Appellant urges us to review the ruling of the trial court in refusing to grant his motion for continuance to secure the testimony of "necessary" witnesses Marburger and Goodkoosky, both of whom, it is contended, would have testified that appellant "was not drunk nor drinking enough to be under the influence of intoxicating beverages."

There is no affidavit from these witnesses attached to the motion for continuance, or the amended motion for new trial, showing what the witnesses would have testified to had they been present; nor is there any showing of unavailability of the witnesses to make such affidavit.

Without satisfactory proof to the contrary, the trial court might reasonably conclude that the witnesses would not have so testified. Belrose v. State, 156 Tex. Cr. R. 322, 242 S.W. 2d 378; Wofford v. State, 159 Tex. Cr. R. 506, 265 S.W. 2d 110.

The allegation contained in the amended motion for new trial, which is not sworn to, as to what occurred during the argument of defense counsel constitutes a pleading, only. We have nothing before us to show that such occurrences in fact took place. There is, therefore, nothing presented for review.

For the reasons stated, the judgment is affirmed.