### GUY E. LARUE V. STATE

No. 33,799.   November 15, 1961
Motion for Rehearing Overruled January 3, 1962

*Wm. Andress, Jr.,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jack Pevehouse, George Milner, Pat McDowell, Phil Burleson,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The conviction is for the offense of driving while intoxicated; the punishment, confinement in jail for ninety days and a fine of $100.

The evidence was undisputed that on the evening of January 9, 1960, about 7:30 p.m., appellant, while operating his 1958 Chevrolet pickup truck on a public street in the city of Dallas, drove into the rear of another automobile.

Officer E. K. Shetler, an accident investigator for the Dallas police department, who observed appellant at the scene of the collision, testified that appellant was walking "staggery," and his "balance was wobbly and unsteady"; that appellant stated he was not injured and that he had a few drinks; that his talk was confused and incoherent and his speech "slurred"; that his eyes were bloodshot and dilated; and that he detected a strong odor of alcohol on appellant's breath. Based upon his observation of him, the officer expressed his opinion that appellant was intoxicated. The officer administered an intoximeter test to appellant, with his consent. Over appellant's objection, the officer testified that the results of the color change portion of the test showed that appellant was intoxicated. The witness further testified that he had received training in the use and operation of the intoximeter and that he had conducted approximately one hundred such tests.

Bobby Lyle testified that she first observed appellant at the scene of the collision as he was getting out of his pickup, and he was holding on to the truck and walked "staggering"; that she later observed appellant in the police squad car for approximately ten minutes, at which time his speech was "slurry" and his eyes looked glassy; that she could not remember smelling his breath as it was so long ago. Based upon her observation of appellant at the scene, the witness expressed her opinion that he was intoxicated.

Testifying in his own behalf, appellant stated that he was not a drinking man; that he did not have anything to drink on

the day of the collision. He admitted that he was driving upon a public street but denied that he was intoxicated.

Dr. E. R. Miller, who had previously treated appellant for a nervous condition, testified that appellant's actions on the night in question could have possibly been the result of his nervous condition. He further testified that he had no personal knowledge of any drinking problem of appellant.

Several other witnesses who were called by appellant testified that they observed him on the night in question and did not detect any odor of alcohol on his breath.

The jury chose to resolve the disputed issue of intoxication against appellant and we find the evidence sufficient to sustain its verdict.

Appellant complains of the admission of the testimony of Officer Shetler pertaining to the results of the intoximeter test, because, he said, the test failed to meet the requirements formulated by this court in Hill v. State, 158 Tex. Cr. Rep. 313, 256 S.W. 2d 93, for such scientific test.

This court's holding in Jackson v. State, 262 S.W. 2d 499, authorizes the testimony of Officer Shetler as to the results of the visual preliminary color change test administered to appellant.

Appellant next complains that the non-expert opinion of the witness Lyle as to his intoxication was improperly admitted. The record reflects that the witness had sufficient knowledge of facts upon which to base her opinion. Mixon v. State, 234 S.W. 2d 720.

Finding no reversible error, the judgment is affirmed.