Roy Douglas HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42557.

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

Harold D. Sanderson, Amarillo, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

## OPINION

The conviction is for the felony offense of driving a motor vehicle on a public highway while intoxicated; the punishment, a fine of $1000.00.

Four grounds of error are set forth in appellant's brief, none of which relate to the sufficiency of the evidence or require that the evidence be summarized.

Grounds of error 1 and 4 complain of the overruling of appellant's motion to set aside the indictment.

The contention argued in support of the first ground is that the grand jury was deliberating upon the accusation against

appellant at a time when the county attorney and district attorney were present in the grand jury room.

Art. 506 C.C.P. (1925) now Art. 27.03 Vernon's Ann.C.C.P., provides that a motion to set aside the indictment may be based on the ground: "2. That some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same."

The term "deliberating upon the accusation against the defendant" means the act of discussing and examining the reasons for and against finding the bill. Branch's Ann.P.C.2d, p. 491, Sec. 506, and cases cited. It does not mean the mere examination of witnesses or a discussion of whether the grand jury should recess and hear other testimony before voting.

The record does not support the first contention.

The fourth ground of error presents the contention that the motion to set aside the indictment should have been sustained on the ground that appellant was refused counsel of his choice in his appearance before the grand jury.

The record does not support this contention. At most, the evidence reflects that appellant's counsel accompanied him to the door of the grand jury room where he was told by the district attorney that he did not feel that counsel, who was not a witness, should appear before the grand jury with appellant, *but that would be up to the grand jury.*

We note further that we are aware of no authority giving an accused who voluntarily appears before the grand jury the right to be accompanied by his counsel.

Ground of error No. 2 complains that the court erred in overruling his first motion for continuance because of the absence of a witness.

Neither the motion for continuance nor the motion for new trial complaining of the overruling of such motion contains an affidavit of the missing witness or a showing under oath as to what his testimony would have been had he been present.

Ground of error No. 2 is overruled. Mason v. State, 170 Tex.Cr.R. 545, 342 S.W.2d 336; Collins v. State, 170 Tex.Cr.R. 285, 340 S.W.2d 38; Strothoff v. State, 171 Tex.Cr.R. 112, 345 S.W.2d 408.

The remaining ground of error complains that the court erred in admitting opinion with regard to the intoxication of appellant without the witness having been properly qualified to render such opinion.

The witnesses who expressed the opinion that appellant was intoxicated had observed appellant's acts and conduct and were qualified to express such opinion. Vestal v. State, Tex.Cr.App., 402 S.W.2d 195; Carter v. State, 172 Tex.Cr.R. 95, 353 S.W.2d 458; Larue v. State, 171 Tex.Cr.R. 550, 352 S.W.2d 118, and other cases listed in Vol. 11A Texas Digest Criminal Law 457, p. 376.

The judgment is affirmed.