**Benito Chavez ORTEGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47434.**

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Howard G. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for assault with intent to commit rape; the punishment, thirty years' imprisonment.

Appellant argues in his first ground of error that the Court erred in allowing the State to exhibit the complainant, a five year old girl named Deborah, before the jury. During the State's examination of complainant's father, Deborah was brought into the courtroom and identified by her father in the presence of the jury. In his brief appellant argues that allowing the father to identify the complainant after the rule had been invoked was error because Deborah was a possible witness, who therefore should not have been allowed inside the courtroom while another witness was testifying. He further complains that exhibiting Deborah before the jury served no useful purpose but rather served only "to arouse the jury's sympathy and build a prejudice toward the appellant." Neither of these grounds was raised in appellant's objection at trial.[1] Absent a proper objection, nothing is presented for review. Cotton v. State, 500 S.W.2d 482 (Tex.Cr.App.1973); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972); Valdez v. State, 472 S.W.2d 754 (Tex.Cr. App.1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App.1969).[2]

In his second ground of error appellant says that the Court erred in failing to determine whether the complainant, who was four years old at the time of the offense, was of sufficient age and intelligence to render her spontaneous exclamation reliable. Appellant appears to concede that the statement was a spontaneous exclamation. The Court, having found the child incom-

petent to testify, admitted the mother's testimony that Deborah told her shortly after the alleged offense, "Mama, Bennie touched me here," pointing to her private parts. The mother examined the child immediately and discovered blood coming from her vagina. A physician shortly thereafter found discolorations and irritation on the child's hymen, and two skin tears in the rectal area.

As appellant recognizes in his brief, this Court has held on a number of occasions that spontaneous declarations of children may be received in evidence even though such children are not competent as witnesses. Croomes v. State, 40 Tex.Cr.R. 672, 51 S.W. 924 (1899); Kenney v. State, 79 S. W. 817, 65 L.R.A. 316 (1903); Thomas v. State, 47 Tex.Cr.R. 534, 84 S.W. 823 (1905); Williams v. State, 145 Tex.Cr.R. 536, 170 S.W.2d 482 (1943); Dickey v. State, 183 S.W.2d 469, 147 Tex.Cr.R. 588 (1944); Jones v. State, 156 Tex.Cr.R. 2, 238 S.W.2d 529 (1951); Heflin v. State, 161 Tex.Cr.R. 41, 274 S.W.2d 681 (1955). See also Hunter v. State, 54 Tex.Cr.R. 224, 114 S.W. 124 (1908).

Appellant asserts, however, that the prosecution bears an affirmative burden in such cases to show that a child incompetent to testify is of sufficient age and intelligence to render her declaration reliable. Appellant cites dictum in Oldham v. State, 167 Tex.Cr.R. 644, 322 S.W.2d 616 (1959) for this proposition. He also offers dictum in a Texas civil case as support. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944). In Oldham the Court stated:

"When the person making the statement is incompetent to testify as a witness—such as a child, as here—it appears that, in addition to the general

---

1. The objection was: "I object to that, Your Honor. The little girl is not a witness and is not in evidence."

2. We do not intimate that it was improper to have Deborah brought into the courtroom in the presence of the jury to be identified by her

father. See Bradford v. State, 477 S.W.2d 544 (Tex.Cr.App.1972), footnote 2; Haley v. State, 157 Tex.Cr.R. 150, 247 S.W.2d 400 (1952).

3. See cases cited in footnote 19, 24 Tex.Jur.2d, Evidence, § 594.

rules, it must be shown that the child was of sufficient age and intelligence to render his declaration reliable."

Two secondary authorities contain statements to similar effect. 29 Am.Jur.2d, Evidence, § 728; 24 Tex.Jur.2d, Evidence, § 594. In the former authority, the only cases cited for the proposition are Oldham and Quinones. None of the cases cited[3] in the latter authority, save Oldham and Quinones, supports the proposition. We can find no similar authority in any other American jurisdiction. Moreover, as far as we can determine, neither of the Texas cases has been cited for the proposition in other cases.

We reaffirm our prior holdings that spontaneous declarations of children may be received in evidence even though such children are not competent to testify as witnesses. Croomes, supra; Kenney, supra; Thomas, supra; Williams, supra; Dickey, supra; Jones, supra. See also Jones v. United States, 97 U.S.App.D.C. 291, 231 F.2d 244 (1956); State v. Lounsbery, 74 Wash.2d 659, 445 P.2d 1017 (1968); State v. Simmons, 52 N.J. 538, 247 A.2d 313 (1968); State v. Butler, 249 Cal. App.2d 799, 57 Cal.Rptr. 798 (1967); Price v. State, 41 Ala.App. 239, 128 So.2d 109 (1961); State v. Hutchison, 222 Or. 533, 353 P.2d 1047 (1960). Insofar as it adds to this rule the requirement that the proponent affirmatively shows the child is of sufficient age and intelligence to render his declaration reliable, Oldham is overruled. Cf. Wilson v. State, 49 Tex.Cr.R. 50, 90 S.W. 312 (1905).[4] See also 6 Wigmore, Evidence, § 1751 at 156 (3d. ed. 1940); McCormick, Evidence, § 297 at 607 (2d ed. 1972); 1 McCormick and Ray, Texas Evidence, § 925 (2d ed. 1956).

The judgment is affirmed.

Opinion approved by the Court.

4. In Wilson, the spontaneous declarant was allegedly insane when he made the statements admitted in evidence. The Court held the statements were nonetheless admissible res gestae.