**Robert Lee TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–81–00463–CR, 05–81–00464–CR.**

Court of Appeals of Texas,
Dallas.

July 2, 1982.

Kerry Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., for appellee.

Before GUITTARD, C. J., and VANCE and FISH, JJ.

VANCE, Justice.

Appellant was tried on three aggravated robbery charges. He was acquitted in one case and convicted in the other two cases, numbers F–81–1818–P and F–81–1819–P. Punishment was assessed at thirty years for each conviction. Appellant presents in his appeal from both convictions identical grounds of error which we have reviewed and in which we find no reversible error. Consequently, we affirm both cases.

In his first ground of error, appellant contends that the prosecutor's final argument improperly referred to an extraneous offense. Appellant objected to the prosecutor's statement that appellant "went out and was plying his trade." The court sustained the objection and instructed the jury to disregard the statement. Ordinarily any injury from improper jury argument by a prosecutor is obviated when an objection thereto is sustained and the jury is instruct-

ed to disregard the argument. Unless the remarks are so inflammatory that their prejudicial effect cannot be removed by such an admonition, a reversal of the conviction is not required. *Thomas v. State,* 578 S.W.2d 691, 695 (Tex.Cr.App.1979). In light of the prompt instruction, this argument does not call for reversal. *Rudd v. State,* 616 S.W.2d 623, 624–625 (Tex.Cr.App. 1981).

██ Appellant contends in the second ground of error that the "trial judge abused his discretion in frustrating appellant's right to present his defense of alibi in calling his alibi witness by failing to order the State to grant said witness a limited immunity from prosecution." The defense called Hall as a defense witness as to alibi. After a hearing out of the presence of the jury, the witness refused to testify, invoking his privilege against self-incrimination under the Fifth Amendment of the Constitution of the United States. After witness Hall had refused to testify, the appellant, through his attorney, asked for a continuance as follows:

MR. SNYDER: Your Honor, this matter has just come to our attention, and it is our contention that at this time we should ask the court for a continuance, based on the unavailability of a witness.

This witness, we assure the court, is absolutely necessary to our defense to two of these cases on trial, and we would ask the court to grant us a continuance.

Or, in the alternative, if the State wishes to grant this man immunity to any crimes he might testify to that would incriminate him

—

THE COURT: Well, that's up to the State as to whether or not they wish to grant immunity or not.

It's up to me as to whether or not to grant a continuance.

MR. SNYDER: If the court wishes, we request time to make a written motion, if that be necessary.

THE COURT: All right. You may step down for now.

MR. GARRIGAN: Excuse me, Your Honor, is this witness excused?

THE COURT: No. I haven't excused anybody yet.

All right. Now then, you have stated your motion for a continuance, and the court denies your motion for a continuance.

Now, what do you wish to do next?

MR. SNYDER: Your Honor, we would— we have no other witnesses to call, Your Honor.

Our entire defense was based on that witness who decided, on the basis of his Fifth Amendment rights, not to testify. We have no other witnesses to call.

As the above quoted record shows the appellant never requested the trial court to order the State to grant the witness immunity as he now attempts to urge on appeal. Appellant has not properly preserved this issue for appellate review, for no objection was made to any ruling of the court. Failure to object at the time of the complained of conduct precludes review by the appellate court. *Ortega v. State,* 500 S.W.2d 816 (Tex.Cr.App.1973); *Washington v. State,* 500 S.W.2d 485, 487 (Tex.Cr.App.1973). Moreover, if appellant had asked the trial judge to grant a witness immunity, the court could not have granted such immunity without the joinder of the State. *Ross v. State,* 486 S.W.2d 327, 328–329 (Tex.Cr.App. 1972).

██ In the third ground of error, appellant claims that the "chain of custody" was not sufficient to permit the admission of certain exhibits. At trial appellant object-ed to the admission of a jacket and cap because the officer could not say for certain that they were the same articles he had seized. He also objected to the introduction of a brown bag and bullets because the officer could not say that they had not been changed. There is no suggestion in the record that the evidence was tampered with and the record sufficiently identifies the objects as those seized from appellant. *See Jones v. State,* 617 S.W.2d 704, 705 (Tex.Cr. App.1981); *Hammett v. State,* 578 S.W.2d 699, 711 (Tex.Cr.App.1979) (en banc); *At-*

*kins v. State,* 515 S.W.2d 904, 906 (Tex.Cr. App.1974). Further appellant's objection goes more properly to the weight rather than the admissibility of the evidence. *Jones v. State, supra* at 705.

 In his final ground of error, appellant argues that the trial court erred in requiring the appellant to answer the prosecutor's question as to his intent to commit an extraneous offense at the time of his arrest. During the guilt/innocence phase of the trial the appellant, testifying in his own behalf, related how he had been stopped by the police while driving his automobile. The prosecutor then had an opportunity to question the appellant. During cross-examination, the following colloquy occurred:

Q. Well, tell me something. You saw that police officer stop you, didn't you?

A. Yes.

Q. And you thought he was going to come up to the car, didn't you?

A. Well, normally, generally, they come up to the door, you know.

Q. You were waiting for him to come up to the door, weren't you?

A. Yes, I were.

Q. And you were waiting for him to come up to the door with that handgun under your leg, weren't you?

A. At the time, the handgun wasn't under my leg.

Q. Where was it?

A. On the seat of the car.

Q. You were sitting there waiting for that police officer to come up to that car with a handgun lying right next to you weren't you?

A. Yes.

Q. And you heard him tell you to get out of the car didn't you?

A. No.

Q. You were waiting for him with that loaded gun, hoping he would come up to the side of your car—

MR. SNYDER: I will object, Your Honor. I know where he's going, and the jury knows where he's going. It assumes a fact not in evidence and is highly argumentative and prejudicial and not relevant.

THE COURT: Read back the last question. (Whereupon, the last question was read by the Court Reporter)

THE COURT: All right. You can answer that 'yes' or 'no.'

A. Yes.

MR. BYRNE (PROSECUTOR): I don't have any other questions.

The objected to question was not improper. This was proper cross-examination and admissible as res gestae of the arrest and the offense. *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1980).

Affirmed.