## NASARIO TALAMANTES v. THE STATE.

### No. 9345.   Delivered October 7, 1925.

1.—Murder—Charge of Court—Mutual Combat—Converse of Issue—Erroneously Omitted.

Where on a trial for murder, the issue of mutual combat is submitted in the charge of the court, it is error to fail to affirmatively submit the converse of the issue, that is, that if it should be found that the parties did not engage in a mutual combat, then the appellant would have the right to act in self defense in the killing of deceased.   Following Lee v. State, 21 Tex. Crim. App. 241; 17 S. W. 425, and Christian v. State, 79 S. W. 562.

2.—Same—Charge of Court—Manslaughter—Error to Omit.

Where appellant had confessed to engaging in a mutual combat with deceased, but evidence of other witnesses raised the issue of manslaughter, it was error for the court to fail to submit that issue in his charge.   Whether a killing was murder or manslaughter, depends entirely upon the facts introduced upon the trial.   The condition of the mind of the slayer, is not fixed by law, but must be ascertained from the facts adduced in evidence. Following Foreman v. State, 26 S. W. 212.

Appeal from the District Court of El Paso county.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of murder; penalty, five years in the penitentiary.

The opinion states the case.

*E. B. Elfers,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of El Paso county for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of five years.

The testimony for the State in this case shows that the appellant and deceased had some differences over a Mexcian woman and that the deceased had made threats against the life of the appellant; they met at a church on the day of the homicide, the deceased being in a wagon with his brother and his brother's wife and children.   The deceased was armed with a knife described in the testimony as being

about fifteen inches long.  On meeting at the church, they had some conversation, the substance of which is not disclosed by the testimony. The State's witness testifies that when they left the wagon they ran off toward the scene where the killing occurred which scene was not in sight of witness.  The deceased's sister-in-law in describing their actions when they left the wagon, testified:

"When they went off Talamantes was ahead and Santos was following him, Talamantes was going by the wagon and Santos was on top and I was fixing the children.  I was scared, I saw them running off.  They were running fast, Santos was running after Talamantes." Another witness who saw the parties directly at the scene of the killing testified that immediately before he heard the first shot fired, he heard the deceased tell the defendant to come on.

The State introduced in evidence the purported voluntary statement of the appellant in which among other things he stated that when the deceased was at the wagon, deceased said to him that, "You should be ashamed of yourself," and got off the wagon and the defendant told the deceased that he was not afraid of him and defendant left the wagon but before doing so agreed to meet in the road and fight it out.  The voluntary statement further shows that at the scene of the killing the deceased had the knife and the appellant his gun and that the deceased cut at the appellant and kept pursuing him with the knife and that the defendant shot him four times.

The record discloses that the appellant is a Mexican and that the warning given him which was contained in the voluntary statement had to be translated into Spanish and the witness who translated it to him testified that he tried to explain to him just what the preliminary portion of said statement contained.  And his testimony further shows that he translated it to him in Spanish and that the appellant said that it was his voluntary statement.  Under this condition of the record, the court properly submitted the issue of mutual combat; but appellant's chief complaint is that he refused to submit the converse of the issue of mutual combat.  In other words, appellant complains that the court did not instruct the jury that if the parties did not engage in a mutual combat that then the appellant would have had the right to have acted in self-defense in killing the deceased.

Appellant excepted to the court's charge on account of its failure to submit the law of self-defense and offered a special charge submitting this issue.  The special charge offered was not correct perhaps, but it together with the exception to the court's charge was entirely sufficient to suggest to the court the propriety of submitting appellant's theory of the case to the jury.

We do not understand that simply because the State offers in evidence what purports to be a voluntary statement of the appellant to the effect that the difficulty was one of mutual combat that this

forecloses this question, when there is other evidence in the record from which the jury would be warranted in concluding that the deceased was the aggressor throughout the difficulty and that the killing was not upon mutual combat but altogether in self-defense. As above stated, it was entirely proper for the court to submit the issue of mutual combat but in view of the testimony as above detailed, it occurs to us that the appellant had the right to have the jury properly instructed on his theory of the case. The jury may or may not have believed that the appellant actually made the alleged voluntary confession introduced in evidence. The mere fact that one witness testified that the confession was made would not in our opinion justify the court in concluding as a matter of law that this witness spoke the truth. It was, in our judgment, under the facts of this case, a question of fact to be properly submitted to the jury for their determination and the jury should have been pertinently instructed that in the event they should find that the killing did not occur while the parties were engaged in a mutual combat that then the appellant would have the right to act in his own proper self-defense. Lee v. State, 17 S. W., 425, 21 Tex. Crim. App. 421; Christian v. State, 79 S. W., 562.

We are also of the opinion that the court erred in not submitting to the jury issue of manslaughter. Whether the killing was murder or manslaughter depends entirely upon the facts introduced upon the trial of the case. It is not a matter of law in any event. The condition of the mind is not fixed by law but must be ascertained from the facts adduced in evidence. Whether the killing occurs in mutual combat or otherwise, the nature, character or degree of such homicide will depend upon the condition of the mind of the slayer and this must be ascertained from the circumstances of the particular case, and in this case, we are not prepared to say that this question should not have been submitted as an issue of fact to the jury for its determination. Foreman v. State, 26 S. W., 212.

For the reasons above stated, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.