LAYFETTE HAWKINS V. STATE.

No. 25217. April 4, 1951.
Rehearing Denied May 9, 1951.
Appellant's Second Motion for Rehearing Denied (Without Written Opinion) May 23, 1951.

Hon. S. H. Sanders, Presiding Judge.

*Whitaker & Bankhead,* by *Fred Whitaker,* and *Ruff Wall,* Carthage, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment with the theft of two cattle from the possession of Frank Goss, who was alleged to be the owner thereof.

Upon a plea of not guilty, the jury found him guilty and assessed his punishment at two and one-half years in the penitentiary.

Frank Goss testified that he was in charge and control of cattle belonging to his mother-in-law, Louisa Harris, she being blind, old and feeble. He testified that two head of cattle, a red muley calf and a light brindle bull disappeared; that the bull was owned by Louisa Harris, and the calf was the property of his wife and himself; that he did not give appellant permission to take the cattle.

According to this witness Goss, on Friday following the disappearance of his calf on Monday, he encountered appellant, a nephew of Louisa Harris, and asked him "what did you sell that calf for," to which appellant replied "Well I had some cows and I run up on that calf and looked pretty good and I sold it."

Mon D. Hooker, a cattle buyer and butcher, testified that he bought a red muley calf and "a brindlish looking Jersey bull, about a two-year-old" from appellant.

Appellant left the community shortly after he sold two head of cattle to Mr. Hooker and was arrested in Collingsworth County. He failed to appear at a setting of his trial thereafter, and was soon thereafter arrested in Amarillo.

Appellant did not testify. Several witnesses testified in his behalf who were related to, or acquainted with, Louisa Harris and claimed to know her cattle. Their testimony was to the effect that the cattle described as having been stolen were both owned by Louisa Harris, and were in fact both steers, and that so far as they knew, Louisa Harris and not Frank Goss had the care, control and possession thereof.

In the charge, the jury was instructed that if they found that Frank Goss was in possession of the property and same was under his control, the requirement of the law as to ownership would be satisfied, though Louisa Harris was the true owner.

The court also charged the jury to acquit appellant if they found or had a reasonable doubt that the cattle were not in the possession, care, management or control of Frank Goss.

Bill of Exception No. 1 complains of the overruling of appellant's motion for continuance based upon the absence of Louisa Harris.

It is shown in the bill that Mrs. Harris was under process; that she failed to appear and an attachment was requested by appellant to secure her attendance and was refused by the court because said witness was ill and unable to attend court.

The application purports to be a first application for continuance and sets forth the facts which appellant expected to prove by the absent witness as follows:

"That the said Louisa Harris will, if present in court, testify that she was the owner of both of the cattle in question here; that she had not authorized nor directed Frank Goss to manage, control or possess any of her cattle. That the said Louisa Harris had the exclusive care, control and possession of the cattle alleged to have been stolen and that Frank Goss did not at any time nor did he have on December 22, 1949, the possession, care and control of the two head of cattle alleged to have been unlawfully taken by the defendant herein."

In his motion for new trial, complaint was made of the court's refusal to grant the application for continuance, but appellant failed to support the allegations of such motion for new trial by affidavit of the absent witness or to otherwise show that said witness would have testified as stated in the application for continuance.

In the absence of an affidavit of the absent witness, the trial judge had the discretion to determine the probable truth of the absent testimony. See Tucker v. State, 141 Tex. Cr. R. 428, 148 S.W. 2d 1111.

Bill No. 4 complains that the court refused to declare a mistrial upon appellant's request because of the introduction of a statement in the nature of a confession testified to have been made by appellant before the grand jury.

The district attorney testified that appellant appeared before

the grand jury while in custody of an officer and stated to the grand jury "that he took those two cattle."

Appellant's objection to such testimony was sustained by the court and the jury was instructed that such statement was withdrawn from their consideration for all purposes.

In Rains v. State, 140 Tex. Cr. R. 548, 146 S.W. 2d 176, an assistant district attorney testified that Rains appeared before the grand jury and, after due warning, "admitted the whole thing." The objection was promptly sustained and the jury instructed not to consider the statement of the witness, and this court held that reversible error was not shown. Such decision is controlling here.

Other bills of exception have been considered and are overruled as showing no reversible error.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The very forceful argument in behalf of appellant's motion for rehearing herein presents the contention that there is a distinguishment to be made between Rains v. State, 140 Tex. Cr. R. 548, 146 S.W. 2d 176, and the case at bar. It is said that in the Rains case the charge was murder; that the defendant plead self-defense and that his reported admission before the grand jury did not contradict his defense to the charge of murder, that is self-defense.

It appears to us that there is a similar situation in the instant case. Appellant makes no denial that he took the calves and sold them. He could admit as much without affecting his defense as indicated by his motion for a continuance and apparently relied on throughout the trial. That contention is that there is a variance between the allegation and the proof in that the cattle were not in the possession of the party alleged in the indictment,

but that they belonged to and were in the possession of another and different person.

We see no support for his contention in the further statement that this is a circumstantial evidence case. In the first place, it is not a circumstantial evidence case because the prosecuting witness makes a direct statement that appellant admitted to him that he took the calf and sold it. Other circumstances were testified to by witnesses which corroborated this direct testimony. For this reason there is no occasion for a charge on circumstanial evidence. Even if it had been a circumstantial evidence case, the rule would be the same.

We remain of the opinion that the case was correctly decided and the motion for rehearing is overruled.