## TROY BELROSE V. STATE.

No. 25382. June 27, 1951.
Rehearing Denied October 10, 1951.

Hon. S. H. Sanders, Judge Presiding.

*Dallas Ivey,* Center, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is felony theft; the punishment, two years.

No question is raised as to the sufficiency of the evidence to support the conviction.

Bills of Exception, Nos. 1 and 5, complain of the court's failure to grant appellant's first motion for continuance based upon the absence of two witnesses. The court qualified the bill by stating that no affidavit from either witness was attached to the motion for continuance or the amended motion for new trial showing what the said witnesses would have testified to had they been present. There was no showing of unavailability of the witnesses to make such an affidavit and no showing that they would actually testify to such facts from any other source. No error is shown by this bill. Hawkins v. State, (Page 122 this volume), 238 S.W. 2d 779.

As part of said bill, but not embodied in or referred to in his motion for continuance, we find an affidavit of appellant describing the illness of his children. This affidavit, standing alone, did not call upon the court to do anything. If it be considered as a request for continuance, it was addressed solely to the discretion of the trial court, and his refusal to grant it does not constitute reversible error.

Bill of Exception No. 2 complains that appellant was not permitted to cross-examine the injured party about his having served a term in the penitentiary. The district attorney objected on the grounds that the conviction was too remote; the court sustained his objection and stated the reasons for his ruling in his qualification of the bill. The bill does not show that the evidence was, in fact, admissible, and the burden was upon appellant to so show. The bill does not reflect error. 45 Tex. Jur., Sec. 250, p. 111, and cases cited in Tex. Jur Ten Year Supplement.

Bill of Exception No. 3 complains because of this occurrence: A state's witness testified that certain property presented for his identification looked like that which he had bought from appellant but that he could not positively identify the same. Appellant objected on the grounds that no identification had been made. Then the court allowed the prosecutor to continue with his examination of the witness without any further proof of identity. This court feels that appellant's objection was to the weight to be given the testimony and not its admissibility. It will be noted that the property was later identified by another witness for the state.

Bill of Excepion No. 4 complains that appellant was put to trial at a time when his family was sick, as reflected by the affidavit referred to in our discussion of Bill of Exception No. 1. It is apparent that the appellant made the affidavit, but no-

where is it shown that it was presented to the court in any form of a motion calling upon the court to do, or refrain from doing anything. Further, there is no showing that any of the members of his family was desired as a witness in the case or what his testimony would have been.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The questions discussed in appellant's motion for rehearing were treated sufficiently in the opinion affirming the case. In view of the insistence of diligent counsel, however, we have again reviewed the record and find that it justifies the statement made as to Bills of Exception No. 1 and No. 5, which complain of the court's failure to grant appellant's first motion for continuance. As the record stands it is fully within the discretion of the trial court and we find no basis for holding that such discretion was abused. What counsel now states as to the unavailability of appellant's son for the purpose of making a supporting affidavit, either at the time of the motion for continuance or at the time of the trial, is not supported by anything in the record. We are not permitted to consider questions of fact injected by brief or argument unless they are found in the record itself.

The next question discussed in the motion for rehearing relates to the bill complaining of the failure of the court to permit cross-examination of the prosecuting witness as to his former conviction for a felony. The state's objection to this testimony, sustained by the court, was that it was too remote. This raised the issue. So far as we know it might have been a matter of court record of which the trial judge could take judicial knowledge. The burden shifted to appellant to show that it was not too remote. This was not done and the force of the bill of exception, if any it had, was lost.

The original opinion correctly disposed of the case and the motion for rehearing is overruled.