J. H. SHADDOX V. STATE

No. 27,277. January 12, 1955
Rehearing Denied (Without Written Opinion) March 9, 1955

*Sutton, Steib & Barr,* by *Norman W. Barr,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for knowingly passing, as true, a forged instrument, and his punishment was assessed at two years in the penitentiary.

While testifying, O. T. Harris identified appellant as being the person who came to his home about July 17, 1953, stating that his name was Davis and asked about doing yard work; that he requested the witness' name and address which he wrote on a card furnished by appellant. He also identified a check, bearing his name as maker and his address, and stated that he did not sign it nor authorize appellant or anyone to sign the same for him.

C. E. Nesbitt, assistant manager for the M System Grocery, identified appellant at the trial as being the person who came to his store on July 18, 1953. He further stated that appellant told him that his name was C. W. King and that he wanted to cash a check which he had received from O. T. Harris in payment for doing some yard work; that he told him that he couldn't write and endorsed the check by making his mark thereon and delivered the check to him in exchange for $4.50 in money.

The check described in the indictment, dated July 18, 1953, was introduced in evidence and showed that it was drawn on the San Angelo National Bank of San Angelo, Texas, in the amount of $4.50, payable to C. W. King and the name of O. T. Harris appeared as maker with the notation thereon, to-wit, "yard work." Witnesses Harris and Nesbitt identified said check at the trial as being the one here in question.

Appellant did not testify.

We conclude that the evidence is sufficient to warrant the jury in finding that appellant knew the check was a forgery when he passed it.

Appellant complains of the court's action in overruling his motion for a new trial based upon his application for a continuance because of the absence of two witnesses. It was alleged in said motion that he expected to prove by one of said witnesses that he gave appellant the check which he is accused of forging and passing, as payment for employment; and that he expected to prove by the other witness that appellant was employed by the witness who gave him the check.

In the absence of an affidavit from said witnesses or a showing under oath from some other source that they would have testified as alleged, the trial court did not abuse his discretion in overruling said motion. Hawkins v. State, 156 Texas Cr. R. 122, 238 S.W. 2d 779.

Appellant contends that the trial court erred in overruling his request for a mistrial because of the offering of a complaint in evidence charging appellant with attempting to pass a forged check to the Sunset Grocery, and in refusing to instruct the jury to disregard the testimony pertaining thereto.

The court excluded the complaint, overruled the objection to the testimony, and declined to declare a mistrial. Also, appellant's request to have the jury instructed not to consider the testimony concerning the complaint was refused. The record shows that other testimony was admitted in evidence, without objection, concerning said check and complaint, hence no error is here shown.

No reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.