JUAN YSASGA v. STATE

No. 28,443. October 3, 1956.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) February 6, 1957.

238

E. A. *Blair,* Lubbock, for appellant.

*George E. Gilkerson,* County Attorney, *Gene S. Cobb,* Assistant County Attorney, Lubbock and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the transportation of beer in a dry area with a prior conviction alleged for the purpose of enhancement; the punishment, seven months in jail and a fine of $700.00.

Officers testified that as they approached the appellant's home in the city of Lubbock they observed the appellant and two other men standing in the yard with three cases of beer at their feet, that they turned into the yard, and as they did so the appellant picked up one of the cases and fled out through the gate. They stated that as some of them gave chase the appellant dropped the case of beer in the street and was able to lose himself among the small buildings in the next block. The appellant was later arrested and identified by the officers, and the prior conviction for a violation of the liquor laws was established.

The appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the conviction and shall discuss bills of exception briefed by able counsel.

Bill of Exception No. 1 relates to the argument of the prosecutor. It also contains the excerpts from the argument of defense attorney which make it apparent that the prosecutor was answering defense argument that under the court's charge no violation of the law had been shown.

Bills of Exception Nos. 2 and 3 complain of the refusal of the trial court to grant the appellant an attachment for the missing witness Garcia and the overruling of his motion for continuance based upon the absence of such witness. The bills are qualified with a recitation of appellant's lack of diligence and the conclusion of the trial judge that under such facts the motion for continuance was not made in good faith. Having accepted such qualification, the appellant is bound thereby.

We further observe that motion for new trial is not supported by an affidavit of the missing witness. In Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731, we said:

"The amended motion for new trial is likewise sworn to by appellant alone, and we find no affidavit of the missing witness attached thereto, nor do we find an affidavit of one who was in a position to know why the same had not been secured before the motion was filed. * * * The motion should have had the affidavit of the missing witness or a showng, under oath, from some other source that the witness would have actually testified to such facts."

Bills of Exception Nos. 5, 6 and 7 relate to argument of the prosecutor. In the first, the prosecutor seemed to have been paraphrasing the defense attorney's argument; in the second, he praised them for their competence; and, in the third, he posed the question as to whether or not the appellant had carried a lot of beer in his time. We think the proof of the prior conviction authorized the last argument and that the first two were not of such character as to call for a reversal of this conviction.

Finding no reversible error, the judgment of the trial court is affirmed.