Lowell Edward SUIT, Petitioner,

v.

O. B. ELLIS, Director of Texas Department of Corrections, Respondent.

No. 18128.

United States Court of Appeals
Fifth Circuit.

Sept. 7, 1960.

Richard C. Baldwin, New Orleans, La., Lowell Edward Suit, Huntsville, Tex., for petitioner.

John L. Estes, Asst. Atty. Gen., Tom I. McFarling, B. H. Timmins, Jr., Lin-

ward Shivers, Asst. Attys. Gen., for respondent.

Before RIVES, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

The sole question we shall discuss in this appeal is whether the Texas Court which tried the appellant did so in such manner as to deprive him of due process of law or its equal protection by failing to give due effect to Texas rules of criminal procedure. Petitioner makes no attack upon the statute[1] of Texas which governs applications for continuance nor upon its application as reflected in the Texas decisions.

This case originated in the trial and conviction of petitioner in a Texas court, on the charge of possession and sale of heroin in violation of a state law, after his written application for continuance because of his alleged inability to obtain the attendance of a material witness had been denied. Subsequent thereto, petitioner perfected his appeal to the Court of Criminal Appeals of Texas whose opinion, dealing with this question and affirming the conviction, is reported in Suit v. State, 1955, 161 Tex.Cr.R. 22, 274 S.W.2d 701. The appellant's application for writ of certiorari from that decision was duly denied by the United States Supreme Court, 1959, 359 U.S. 920, 79 S.Ct. 601, 3 L.Ed.2d 582.

Petitioner then filed petition for writ of habeas corpus in the court below,

1. § 543 Texas Code of Criminal Procedure:
"In the first application by the defendant for a continuance, it shall be necessary, if the same be on account of the absence of a witness, to state:
"1. The name of the witness and his residence, if known, or that his residence is not known.
"2. The diligence which has been used to procure his attendance; and it shall not be considered sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases where the law authorized an attachment to issue.

"3. The facts which are expected to be proved by the witness, and it must appear to the court that they are material.
"4. That the witness is not absent by the procurement or consent of the defendant. * * *
"6. * * * The truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right * * *."

invoking federal jurisdiction pursuant to § 2241 et seq., Title 28 U.S.C.A., claiming that his rights under the Fourteenth Amendment of the Constitution had been denied him because of the trial judge's refusal to grant his motions for continuance and for a new trial. The court below did not issue the writ prayed for by petitioner nor did it issue a show cause order to the respondent. The correctness of the ruling of the court below is, therefore, to be tested entirely on the face of the application and its exhibits. These control wherever there is conflict between them and the allegations of the petition.

In the petition for writ of habeas corpus petitioner alleges that his "restraint is illegal, contrary to and violative of the Fourteenth Amendment of the Constitution of the United States in that he was denied a compulsory process for obtaining a witness in his favor, and deprived of a witness who would have testified the petitioner was not guilty, and completely out of County of Harris, Texas when the offense was committed and testimony of witness was very material to defense of petitioner in that he was relying upon the testimony for an acquittal." Exhibited with the petition is a copy of his motion for continuance, which was filed in the state court, sworn to by petitioner and containing these recitals:

> " * * * that Wayne Henderson is a witness in the behalf of his cause, and is at Route 6, Box 689, Houston, Texas; that this defendant has used due diligence to procure as a witness in his behalf herein, to-wit: That the defendant has attempted to secure and locate said witness in all ways possible for the defendant, that the sheriff of Harris County was given a subpoena for the said witness, that the defendant has assisted the sheriff in his efforts to locate the witness, but to no avail, as the witness has eluded all process and is still eluding the defendant. That the defendant expects to prove by this witness that the defendant is innocent of the offense charged herein, as this witness can testify that the defendant was not at place at time related in the indictment. That the testimony of witness is necessary to defense of the defendant. * * * "

The petition for writ of habeas corpus also had attached to it a copy of a motion for new trial, which was filed in the trial court in Texas on June 11, 1954, after the indictment had been returned and filed April 15, 1954 and the motion for continuance had been filed on June 8, 1954.[2]

In construing the sections of the Revised Statutes governing motions for continuance, the Texas Courts have been, as far as we can find, of one mind in holding that the motion must be accompanied by an affidavit of the absent witness himself, or by an affidavit of someone who knows both that the witness would testify to the facts set forth and that his attendance at court to give such testimony can be procured. In a leading Texas case, Morris v. State, 1952, 158 Tex.Cr.R. 516, 251 S.W.2d 731, 733, the court, called upon to rule on the denial of motions for continuance and a new trial by the trial judge, said:

> "The motion should have had the affidavit of the missing witness or a

2. The motion for new trial is of little assistance to the petitioner except as a pleading to be considered by the Court, because the affidavit was made by the attorney and not by the petitioner, and because it failed to contain any showing that the attorney had any personal knowledge of the facts alleged. Moreover, the motion for new trial really added no factual data which were not set forth in the motion for continuance. In this connection neither party calls our attention to any statute or decision giving petitioner's attorney power to make an affidavit on his behalf. We have found that such authority is specifically given to attorneys in civil suits, 2 Texas Jurisprudence p. 337, 14 R.S.1925, art. 24 (see also R.S.1925, art. 3736); but, as stated, we do not find such authority to exist in criminal cases.

showing, under oath, from some other source that the witness would have actually testified to such facts." [3]

As stated, the court below was called upon to test the action of the Texas trial court by the statute under which the motion was made, as construed by the Texas courts. If his motion for continuance was denied in line with the rules thus laid down, he can have no complaint that he was denied due process or equal protection of the laws, because he was afforded exactly the same protection of his rights which was granted to all other citizens of Texas. Applying these principles to the averments of petitioner's motion, we cannot say that the Texas trial judge failed faithfully to apply the law of Texas, nor that he abused his discretion in failing to grant the motion for continuance or for new trial.

■ When the state courts of Texas have been called upon to examine this problem they have, without exception as far as we are advised, not sanctioned the use of such a term as "can testify" as satisfying the requirements of the quoted statute. Petitioner here used that term, which merely indicated to the Texas trial court that the witness had the physical ability to give the testimony referred to. This is far short of saying that the witness will give the testimony. The oath which petitioner made to the motion implies merely a possibility that he can get the witness to court and that he will testify as represented; while the other facts he alleges in his motion have a contrary implication.

■ Several days intervened between the filing of the motion for continuance and the motion for new trial, and the petitioner failed during that period to obtain the attendance of the absent witness. The motion for continuance further shows affirmatively that the witness was dodging the service of process upon him, and it fails to show that he would not continue to dodge service on him. In fact, the affidavit of the absent witness, which was appended to the petition for writ of habeas corpus, was not obtained until January 5, 1958, about three and one-half years from the time the Texas trial court had been called upon to pass on the motion, its adequacy and its probable truth. Justice cannot proceed at such a sluggish pace. Petitioner has the constitutional right, under the Sixth Amendment of the Constitution of the United States, to a speedy trial. Justice requires also that society should enjoy a like right. The court below had before it a showing that the appellant had not been able to get an affidavit from the witness until more than three years after he asked the Texas trial court to continue his case. We do not think that such a showing satisfies the statutes and decisions of Texas. The breadth of the discretion there lodged in the trial court is illustrated by the language found in 9 Texas Jurisprudence, Continuance, § 148, page 855, citing a large number of Texas cases:

"Where no affidavit of the witness is introduced showing that he will testify to the facts set out in the application, this circumstance may be taken into consideration in deciding whether or not the witness will testify to the facts as alleged. And in such a case it is within the

---

**3.** Other cases standing for this principal and for the requirement that a satisfactory showing be made that the missing witness will be present to testify at a reasonable future time are: Bradshaw v. State, Tex.Cr.App.1959, 320 S.W.2d 833; Humphries v. State, 1956, 163 Tex. Cr.R. 601, 295 S.W.2d 218; Massoletti v. State, 1957, 165 Tex.Cr.R. 120, 303 S.W.2d 412; Ysasga v. State, 1956, 164 Tex.Cr.R. 237, 297 S.W.2d 835; Outley v. State, 1955, 162 Tex.Cr.R. 314, 284 S.W.2d 356; Davis v. State, 1955, 162 Tex.Cr.R. 22, 280 S.W.2d 747; Gonzales v. State, 1955, 161 Tex.Cr.R. 488, 278 S.W.2d 167; Belrose v. State, 1941, 156 Tex.Cr.R. 322, 242 S.W.2d 378; Cockrell v. State, 1938, 135 Tex.Cr.R. 218, 117 S.W.2d 1105.

discretion of the trial judge to determine whether or not the absent testimony is, in view of all the evidence adduced at the trial, probably true. * * *"

 We must keep in mind also that the minutiae of trials, such as motions for continuance, are addressed to the sound discretion of the court; and abuse of that discretion has been successfully established in only a few scattered cases. In the recent decision of Taylor v. United States of America, May 13, 1960, 279 F.2d 10, 11, this Court repeated the rule governing such a motion:

"In 1895, the United States Supreme Court declared: 'That the action of a trial court upon an application for a continuance is purely a matter of discretion, and not subject to review by this court, unless it be clearly shown that such discretion has been abused, is settled by too many authorities to be now open to question.' Isaacs v. United States, 1895, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229. This Court has consistently refused to review the ruling of a district judge on a motion for continuance unless a clear abuse of discretion is shown. Bryant v. United States, 5 Cir., 1958, 252 F.2d 746; Brown v. United States, 5 Cir., 1955, 228 F.2d 286; Girard Trust Co. v. Amsterdam, 5 Cir., 1942, 128 F.2d 376."

The petitioner also attacks the sufficiency of the evidence on the ground that the chief government witness was an associate and friend of dope peddlers and prostitutes. This contention obviously merits no serious consideration. Such an attack is addressed only to the credibility of the witness, not his competence; and certainly no constitutional rights of petitioner can be predicated upon the ruling of the court below in refusing to set aside the verdict of guilty returned by the jury based upon that evidence.

Being of the opinion that the petitioner was in no way deprived of any right guaranteed him by the Constitution of the United States, therefore, the judgment appealed from is affirmed.

Affirmed.