George C. MATTOON, Appellant,

v.

B. J. RHAY, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.

No. 17797.

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1963.

Edward M. Bull, San Francisco, Cal., for appellant.

John J. O'Connell, Atty. Gen., for State of Washington, and Basil L. Badley, Asst. Atty. Gen., Olympia, Wash., for appellee.

Before ORR, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

On July 9, 1959, an information was filed in the Superior Court of Spokane County, Washington, charging appellant with grand larceny. Appellant was arrested on the same day and bail was

fixed at fifteen hundred dollars. Appellant was unable to post bond and remained in custody.

A Washington statute requires that an accused be brought to trial within sixty days after the filing of the information.[1] Appellant's appointed counsel felt that there might be insufficient time to prepare for trial within that period, and discussed with the prosecuting attorney the possibility of setting the case for trial late in September. It was agreed that the trial would be set for September 10th, but if it then appeared that appellant's counsel needed more time the prosecuting attorney would agree to a continuance. As it developed, appellant's counsel was ready for trial on September 10th, and wished to proceed.

In the meantime, on August 12, 1959, the prosecuting attorney had obtained an order to secure the appearance of an out-of-state witness on September 10th. Early in September the prosecuting attorney inquired of the trial court whether appellant's case would be reached on September 10th, so that he might advise the out-of-state witness whether to appear. The prosecuting attorney was referred to the bailiff who reported that he did not believe that other cases set ahead of appellant's would be completed by September 10th, and since no cases would be tried during the week of September 14th through 18th because of a scheduled joint meeting of the State bench and bar, the earliest date on which appellant's case could be reached for trial was September 21st. Accordingly, the prosecuting attorney notified the out-of-state witness to appear on the latter date rather than September 10th.

Appellant's case was in fact reached for trial on September 10th. When appellant's case was called, the prosecutor advised the trial court of the events referred to in the preceding paragraph, and the court continued the case to September 21st.

On September 15th appellant moved the trial court to dismiss the information, and on the following day applied to that court for a writ of habeas corpus, on the ground that the Washington statute to which we have referred required that where trial was not had within sixty days the information must be dismissed unless good cause to the contrary were shown. The applications were denied. Appellant's trial began on September 21st. He was convicted. On appeal the Supreme Court of Washington affirmed, holding, so far as is pertinent here, that "good cause" for the continuance to September 21st had been shown, on the ground, among others, that "the absence of the state's witness * * * on September 10 was attributable to an honest mistake of the bailiff as to when a court would be available and not to any lack of diligence on the state's part." [2]

In due course appellant filed a petition for a writ of habeas corpus in the United States District Court, alleging denial of a right to speedy trial and due process of law in violation of the United States Constitution because of the delay between filing of the information and trial. After hearing, the District Court concluded that "the delay in bringing the petitioner, George C. Mattoon to trial was not so unreasonable as to deny the said petitioner due process of law," and denied the petition. This appeal followed.

The able and exhaustive briefs filed by counsel for both parties suggest a wide range of inquiry into such problems as the relationship between the Sixth and Fourteenth Amendments to the United States Constitution; the specific tests to be applied in determining whether there has been a violation of the applicable constitutional right; the

1. "If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown." Wash.Rev. Code § 10.46.010.

2. State v. Mattoon, 56 Wash.2d 688, 693, 354 P.2d 908, 912 (1960).

relevance, if any, of constitutional and statutory provisions of the State of Washington relating to speedy trial; and, assuming a violation of appellant's constitutional rights occurred, what the proper remedy might be.[3]

■ The circumstances of this case do not require an extensive examination of these questions; whatever errors of judgment or deficiencies of performance may be charged to the State they did not reach the level of a deprivation of appellant's rights under the Fourteenth Amendment by any standard for which either we or the appellant have found authority.

■ It has been held that "The Fourteenth Amendment does not incorporate into itself state constitutional and statute law."[4] But if we were to hold to the contrary, the result here would not be affected; the Supreme Court of the State has determined that in this case the pertinent State statutory and constitutional provisions were not violated.[5] This determination is binding upon us.[6]

■ It has been held that the Fourteenth Amendment does not impose the Sixth Amendment's specific guaranty of speedy trial upon the states.[7] But if we were to hold to the contrary, the test would remain whether in all the circumstances the delay was unreasonable.[8] We have found no case holding that a delay comparable in duration and context to that involved here violates the Sixth Amendment. The total elapsed time between the filing of the information and the trial was seventy-four days; delays exceeding this in length have been sustained as reasonable under the Sixth Amendment.[9] Moreover, all but eleven days of the seventy-four-day period were agreed to by appellant for his own purposes; a defendant may not base a complaint of denial of his right to a speedy trial upon delay which he has sought for his own purposes, or to which he has consented.[10] Although a showing that delay was "purposeful or oppressive" would support a claim of denial of defendant's Sixth Amendment right,[11] there is no suggestion that the delay in the present case was designed by the prosecutor to oppress the appellant, or that it interfered in any way with the preparation or presentation of appellant's defense.[12]

3. Recent surveys of some of the difficult and disputed questions in this area may be found in 57 Colum.L.Rev. 846 (1957), and 108 Pa.L.Rev. 414 (1959–60).

4. Odell v. Burke, 281 F.2d 782, 785 (7th Cir., 1960); Baxter v. Rhay, 268 F.2d 40, 43–44 (9th Cir., 1959).

5. State v. Mattoon, 56 Wash.2d 688, 354 P.2d 908 (1960).

6. Hebert v. Louisiana, 272 U.S. 312, 47 S. Ct. 103, 71 L.Ed. 270 (1926).

7. Odell v. Burke, supra, note 4, 281 F.2d at 787; In re Sawyer's Petition, 229 F. 2d 805 (7th Cir., 1956); Germany v. Hudspeth, 209 F.2d 15 (10th Cir., 1954). But see Suit v. Ellis, 282 F.2d 145, 148 (5th Cir., 1960) (dictum).

8. E.g., Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Lustman, 258 F.2d 475, 477 (2d Cir., 1958); Kong v. United States, 216 F.2d 665, 667 (9th Cir., 1954).

9. See, e. g., King v. United States, 105 U.S.App.D.C. 193, 265 F.2d 567, 569 (1959); Bullock v. United States, 265 F.2d 683, 695 (6th Cir., 1959). "It appears thus far that a constitutional violation will seldom, if ever, be declared unless the delay lasts well over a year." 57 Colum.L.Rev. 846, 852 n. 38 (1957).

10. Flanagan v. United States, 308 F.2d 841 (5th Cir., 1962); Relerford v. United States, 309 F.2d 706, 707 (9th Cir., 1962); Turberville v. United States, 112 U.S.App.D.C. 400, 303 F.2d 411, 415 (1962); Harlow v. United States, 301 F.2d 361, 367 (5th Cir., 1962); United States v. Lustman, 258 F.2d 475 (2d Cir., 1958).

11. Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

12. It has been questioned whether a showing of prejudice is required to support a dismissal for denial of the Sixth Amendment right to speedy trial. United States v. Lustman, 258 F.2d 475, 477–78 (2d

Appellant seeks to raise the question of the extent to which court congestion may justify delay in trial,[13] but no part of the delay in the present case resulted from congestion of the court's calendar. As we have seen, appellant initially sought the delay until September 10th to prepare for trial, and a judge and courtroom were available on that date. Failure to proceed on September 10th resulted from the prosecution's release of a witness under the good faith but mistaken belief that the case would not be reached, and the subsequent delay was caused by suspension of the trial calendar to permit maximum participation by bench and bar in their annual meeting.

We can agree that the imprisonment of an accused should not be extended simply to avoid the cost and inconvenience of an extra trip by a witness, but the prosecutor did not presume to make such a choice. He was advised, though mistakenly, that the case would not be reached until September 21st; he sought only to prevent an expense and inconvenience which, according to his information, could not have expedited appellant's trial if it had been incurred. The bailiff's forecast turned out to be wrong, but a legal system administered by men must allow for this much human error. We might also agree that the decision to recess during the annual meeting without arranging to proceed with criminal cases which were ready for trial and which involved defendants who were in jail reflected a questionable choice of values. But if the justification was weak the delay was short; it cannot be said that the week's delay for this purpose denied appellant due process, at least in the absence of a showing of prejudice.[14]

Affirmed.

Cir., 1958). See also Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19, 21 (1957).

13. See King v. United States, 105 U.S. App.D.C. 193, 265 F.2d 567 (1959);

Porter v. United States, 106 U.S.App. D.C. 150, 270 F.2d 453 (1959).

14. See Hoag v. New Jersey, 356 U.S. 464, 472 & n. 6, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958), where a portion of the delay was due to a summer recess.