**Florentino RANGEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43417.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

---

**204**

James W. Gregg, Rosenberg, for appellant.

Jack Salyer, Dist. Atty., Bay City, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice. The punishment was assessed by a jury at 30 years confinement. The appellant was charged with voluntarily and with malice aforethought killing John Reyes, Jr., by cutting him with a knife.

The record reflects that Reyes was stabbed to death in the Super-Tote grocery in Stafford, Fort Bend County on the night of August 21, 1969. On that night, the deceased Reyes and his father entered the store. Reyes went outside and a few minutes later came running back into the store with appellant chasing him. After appellant had chased the deceased around the store, there was a scuffle, and Reyes died from knife wounds. Dr. Giles Green performed the autopsy and found seven knife wounds on the deceased's body and testified that was the cause of death.

The appellant took the stand and testified in his own behalf that he chased the deceased because he had called him a "bad name" and only wanted to rough him up. He had pulled his knife when he saw the deceased's father because the deceased and his father attacked him previously and because he believed that the deceased carried a knife. He further testified that he cut the deceased with his knife. Other defense witnesses corroborated these attacks and verified there had been bad feeling between the appellant and the deceased and his family.

The sufficiency of the evidence is not questioned.

Appellant's first ground of error is the failure of the trial court to grant his motion for continuance for an absent witness.

The motion for continuance was filed on March 16, 1970, the first day of the trial. No exceptions of any kind appear in the record and there is no mention of the motion for continuance in the motion for new trial, or affidavit as to what the absent witness would testify; therefore, nothing is presented for review. Harris v. State, Tex.Cr.App., 450 S.W.2d 629.

Appellant's second ground of error complains of the denial of his motion for new trial because of the prejudice on the part of one of the jurors. The prejudice of the juror alleged is that of Thomas Henager. The basis of such prejudice is that the juror, from the scripture, did not believe in the law of self-defense as set forth in the statutes of this state. The court did not apply the law of self-defense to facts of this case. There is no evidence in the record that would require the court to charge upon the law of self-defense. There is no objection by the appellant as to the failure of the court to charge upon the law of self-defense.

Even though one juror did not believe in the law of self-defense, if there was no evidence to raise that question and no charge by the court to present the question to the jury and no objection to the charge of the court upon this matter, there is nothing to present for review to this Court. Daniel v. State, 171 Tex.Cr.R. 30, 344 S.W. 2d 164.

The Court having fully examined the record and being of the opinion there is no reversible error, the judgment of the trial court is affirmed.