NUMBER
13-00-454-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

VALENTIN ORTIZ,                                                                 Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 103rd District Court

                                 of
Cameron County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Valentin Ortiz, brings this appeal following a
conviction for murder.  Ortiz was
sentenced to fifty years in the Texas Department of Criminal Justice
Institutional Division, and assessed a $10,000.00 fine.  By four points of error, Ortiz generally
contends the trial court erred in denying his motion for mistrial and denying
his request for jury instructions.  We
affirm. 

                                                       I.  FACTS

Ortiz worked as an Aenforcer@ for a drug
dealing organization.  The victim, Jose
Alonso Ramos, worked as a distributor, or Amiddle manager,@ for the
organization.  On the Saturday night
before the incident in question, Ortiz, Ramos, and others associated with the
drug organization went to a nightclub in Matamoros, Mexico.  At one point during the evening, Ramos told
Ortiz not to smoke marijuana while they were at the club.  Ortiz became upset and started to yell at
Ramos.  Ramos left the club and went
home.

The next weekend, Ortiz returned to the same nightclub and was
approached by a group of men who told him he better Abe cool@ or he would be
killed.  Ortiz assumed Ramos had the men
threaten him because of the events at the club the previous weekend.  Ortiz and the men left the club and went to a
friend=s house to Aparty.@  At the party, they ran out of beer.  Ortiz and his friend, Alberto Sanchez, went
to Ramos=s house to get
more beer.  As Ramos brought beer out to
their car, Ortiz approached Ramos and hit him in the head with a beer
bottle.  Ortiz then put Ramos in the car,
and he and Sanchez drove to a vacant lot. 
Ortiz removed Ramos from the car, Apistol whipped@ him, then shot
him fourteen times.  Five shots were to
Ramos=s head.       

 








II.  MOTION FOR MISTRIAL

By points of error one, two, and four, Ortiz contends the trial
court erred by denying his motion for mistrial.[1]

Mistrial is a remedy appropriate for a narrow class of highly
prejudicial and incurable errors, such as an obvious procedural error which
would require a reversal or where an impartial verdict cannot be reached.  Wood v. State, 18 S.W.3d 642, 648
(Tex. Crim. App. 2000).  A trial court=s denial of a
mistrial is reviewed under an abuse of discretion standard.  Id.; Cano v. State, 3 S.W.3d
99, 109 (Tex. App.BCorpus Christi
1999, pet. ref=d).    

A.  State=s Opening
Statement








By his first point of error, Ortiz contends the trial court
erred in failing to grant a mistrial because of improper remarks made by the
State during its opening statement.  The
code of criminal procedure provides that, A[t]he State=s attorney
shall state to the jury the nature of the accusation and the facts which are
expected to be proved by the State in support thereof.@  Tex.
Code Crim. Proc. Ann. art. 36.01(3) (Vernon 1981 & Supp. 2002).  During its opening statement, the State told
the jury that Ortiz=s counsel=s job was to
confuse them.  Ortiz properly preserved
error for our review by objecting, asking the court for an instruction to
disregard, seeking a mistrial, and obtaining an adverse ruling.  See Gallegos v. State, 918 S.W.2d 50,
57 (Tex. App.BCorpus Christi
1996, pet. ref=d). 

To constitute reversible error, the State=s comment would
have to be so egregious that its prejudicial effect could not be cured by an
instruction to disregard.  See Lillard
v. State, 994 S.W.2d 747, 751 (Tex. App.BEastland 1999, pet. ref=d); Brockway
v. State, 853 S.W.2d 174, 176 (Tex. App.BCorpus Christi 1993, pet. ref=d).  Although the State=s remark went
beyond the proper scope of an opening statement, the statement was not so
improper as to be incurable.  See
Brockway, 853 S.W.2d at 176.  We find
that the trial court did not abuse its discretion in denying Ortiz=s motion for
mistrial on this basis.  See Cano,
3 S.W.3d at 109.  Accordingly, Ortiz=s first point
of error is overruled.

B.  Jury Argument

By his fourth point of error, Ortiz contends the trial court
erred in denying his motion for mistrial after the State went outside the
record during its closing argument.








Proper jury argument falls within one of four areas: (1)
summation of evidence; (2) reasonable deduction from the evidence; (3) answer
to opposing counsel; and (4) plea to law enforcement.  Jackson v. State, 17 S.W.3d 664, 673
(Tex. Crim. App. 2000); Gallegos v. State, 918 S.W.2d 50, 56 (Tex. App.BCorpus Christi
1996, pet. ref=d).  In examining challenges to jury argument, we
consider the remark in the context in which it appears.  Gaddiss v. State, 753 S.W.2d 396, 398
(Tex. Crim. App. 1988).  The remarks must
have been a willful and calculated effort on the part of the State to deprive
Ortiz of a fair and impartial trial.  Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001).  To constitute
reversible error then, the argument must be manifestly improper or inject new,
harmful facts into the case.  Jackson,
17 S.W.3d at 673.  In most instances, an
instruction to disregard the remarks will cure any error.  Wesbrook, 29 S.W.3d at 115.

Ortiz complains of the following passage:

State: [Y]ou
walk this man on capital murder, then you have endorsed, you have sponsored and
approved his way of doing business.  You
have said all cartels can conduct affairs the way they like.  And ladies and gentleman, that is a huge
mistake.  Because what is one of the best
ways of keeping the drug trade going? 
You intimidate witnesses, we brought you evidence of that.

 








Ortiz
again properly preserved error.  See
Gallegos, 918 S.W.2d at 57.  Even
though the State made an improper jury argument by going outside of the record,
the trial court followed Ortiz=s objection
with an instruction to disregard.  We
presume the jury followed the trial court=s instructions
in the manner provided.  See Wesbrook,
29 S.W.3d at 116; Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App.
1998).  Only offensive or flagrant error
warrants reversal when there has been an instruction to disregard, and, in this
case, the comment was not so flagrant that the instruction to disregard was
ineffective. Wesbrook, 29 S.W.3d at 116; see Wilkerson v. State,
881 S.W.2d 321, 327 (Tex. Crim. App. 1994). 
Thus, the trial court did not abuse its discretion in denying the motion
for mistrial on this basis.  See Cano,
3 S.W.3d at 109.  Accordingly, Ortiz=s fourth point
of error is overruled. 

III.  JURY INSTRUCTIONS

By his third point of error, Ortiz contends the trial court
erred in failing to grant his request for jury instructions.  

A.  Lesser-Included
Offense

Ortiz first argues that the trial court erred by denying his
request to include an instruction for the lesser-included offense of
assault.  A defendant is entitled to an
instruction on a lesser- included offense if: (1) proof of the charged offense
includes the proof required to establish the lesser-included offense; and (2)
there is some evidence in the record that would permit a jury rationally to
find that if the defendant is guilty, he is guilty only of the lesser
offense.  Ferrel v. State, 55
S.W.3d 586, 589 (Tex. Crim. App. 2001); Moore v. State, 999 S.W.2d 385,
403-04 (Tex. Crim. App. 1999).








We need only address the second prong as the State has conceded
that assault is a lesser- included offense of capital murder.  See Holiday v. State, 14 S.W.3d 784,
788 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d), cert.
denied, 532 U.S. 960 (2001).  As to
the second prong, the evidence must establish the lesser-included offense as a
valid rational alternative to the charged offense.  Mathis v. State, 67 S.W.3d 918, 925
(Tex. Crim. App. 2002).  Anything more
than a scintilla of evidence is sufficient to entitle a defendant to a
lesser-included offense charge.  Ferrel,
55 S.W.3d at 589.

In determining whether the trial court erred in failing to give
a charge on a lesser-included offense, all of the evidence presented by the
State and Ortiz must be considered.  Penry
v. State, 903 S.W.2d 715, 755 (Tex. Crim. App. 1995).  Entitlement to a jury instruction on a
lesser-included offense must be determined according to the particular facts of
each case.  Livingston v. State,
739 S.W.2d 311, 336 (Tex. Crim. App. 1987). 









To be entitled to a charge on the lesser-included offense of
assault, the evidence must show that Ortiz caused or threatened bodily injury
to Ramos, but did not cause, or intend to kill him.  See Tex. Pen. Code
Ann. '
19.02 (definition
of murder) (Vernon 1994); Id. ' 19.03 (Vernon 1994) (definition of
capital murder); Id. ' 22.01 (Vernon 1994 &
Supp. 2002) (definition of
assault); see also Holiday, 14 S.W.3d at 788.
 Having reviewed the record as a whole, we
conclude there is no evidence that would permit a jury rationally to find that
if Ortiz is guilty, he is guilty only of assault.  Ferrel, 55 S.W.3d at 589.  The State presented overwhelming evidence
that Ortiz not only caused substantial bodily injury, but caused the death of
Ramos.  The record shows that Ortiz hit
Ramos with a beer bottle and then proceeded to hit him while riding in the back
seat of a vehicle.  Once Ortiz arrived at
the vacant lot, the record shows Ortiz took Ramos out of the vehicle, walked
him to the back of the lot, and then shot Ramos fourteen times.  There is no evidence to show Ortiz would be
guilty of only the lesser-included offense of assault.  Mathis, 67 S.W.3d at 925.  The trial court did not err in refusing Ortiz=s requested
instruction.

B.  Defenses of Alibi and
Mutual Combat

Ortiz next argues that the trial court erred in denying his
requested instructions for the defenses of alibi and mutual combat. 

Defendants are not
entitled to defensive instructions on alibi because an alibi is not an
enumerated defense in the penal code. 
Soloman v. State, 49 S.W.3d 356, 368 (Tex. Crim. App. 2001).  The issue of an alibi is adequately accounted
for within the general charge to the jury. 
See Giesberg v. State, 984 S.W.2d 245, 250 (Tex. Crim. App.
1998).  Including a special instruction on
an alibi would draw unwarranted attention to evidence that appellant was at
another place when the crime was committed and would constitute an improper
comment on the weight of the evidence.  Id.  Accordingly, this argument has no merit.  

The issue of mutual combat arises out of an antecedent
agreement to fight.  Carson v. State,
89 Tex. Crim. 342, 230 S.W. 997, 998 (1921). 
There must be evidence of an agreement between the two parties.  See Lujan v. State, 430 S.W.2d 513,
514 (Tex. Crim. App. 1968); cf. Daniel v. State, 171 Tex. Crim.
30, 344 S.W.2d 164, 165 (1961) (accepting invitation to come outside and fight
constituted an agreement to engage in combat). 
In this case, there is no evidence that Ramos consented or agreed to engage
in any type of altercation with Ortiz. 
Ortiz=s third point
of error is overruled.








Accordingly, the trial court=s judgment is affirmed.

  

                                                                             

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 13th
day of June, 2002.

 











[1]We
note that Ortiz is only seeking review of the trial court=s
denial of his motions for mistrial in points of error one, two, and four.  Even though Ortiz has many contentions in
those points of error that pertain to alleged trial error, we will only address
the arguments that pertain to the trial court=s
denial of Ortiz=s motion for
mistrial.  See Wilson v. State,71
S.W.3d 346, 349 (Tex. Crim. App. 2002) (complaint on appeal must comport with
the objections made at trial); Jeffley v. State, 38 S.W.3d 847, 861
(Tex. App.BHouston [14th
Dist.] 2001, pet. ref=d) (same).  Because none of the complaints in point of
error two correspond with the trial court=s
denial of any motions for mistrial, the complaints are waived.  See Jeffley, 38 S.W.3d at
861.  Accordingly, Ortiz=s
second point of error is overruled.